2019 PA Super 119

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY MEDINA, JR. | : | |
| | : | |
| Appellant | : | No. 2893 EDA 2017 |

Appeal from the PCRA Order August 4, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0302492-2004

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

OPINION BY COLINS, J.:                              **FILED APRIL 17, 2019**

Appellant, Anthony Medina, Jr., *pro se*, appeals from the order of the Court of Common Pleas of Philadelphia County, entered August 4, 2017, that dismissed his petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

On February 17, 2006, a jury convicted Appellant of the murder of Fernando Rodriguez and related charges.  During trial, the Commonwealth presented the testimony of two identification witnesses, Alexis Gomez and Marilyn Colon.[2]  Gomez identified Appellant as the shooter of Rodriguez.  Trial

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] Appellant disagrees with the PCRA court's description of Colon as an "eyewitness."  Appellant's Brief at 29 (citing PCRA Court Opinion, filed

* Retired Senior Judge assigned to the Superior Court.

Court Opinion, filed October 30, 2006, at 12 (citing N.T., 10/12/2005, at 193-94).[3] Gomez noted Appellant's "work gloves." *Id.* (citing N.T., 10/12/2005, at 198-99). Gomez testified that Appellant had been "a few feet from his window[,]" "that he had a clear view of [A]ppellant[,]" and that he "observed [A]ppellant for more than five minutes." *Id.* at 12, 15 (citing N.T., 10/12/2005, at 198-99). "He further testified that there were lights next to his window, on the corner and on the building next door." *Id.* at 13 (citing N.T., 10/12/2005, at 192).

Colon identified Appellant as the man she saw fleeing the crime scene when she looked out her second-floor bay window. *Id.* at 10-11, 15 (citing N.T., 10/12/2005, at 18, 26, 30, 34). Colon explained that she had a clear view of Appellant's uncovered face for about five minutes and that a light

December 26, 2017, at 11). We have thus chosen to refer to Gomez and Colon as "identification witnesses," instead.

[3] The notes of testimony for October 11 and 12, 2005 were not included in the certified record. As discussed below, several other filings are missing from the certified record. Just as we observed in **Erie Insurance Exchange v. Moore**, 175 A.3d 999, 1006 (Pa. Super. 2017) (citing **Smith v. Township of Richmond**, 82 A.3d 407, 417 n.9 (Pa. 2013)), *reargument denied* (Jan. 24, 2018), *appeal granted on other grounds*, 189 A.3d 382 (Pa. 2018), "we lament the state of the record, which has encumbered our consideration of this appeal. . . . Omissions like these significantly impair our ability to consider an appeal." However, this Court's decision on direct appeal accepted the trial court opinion's presentation of the facts of this case. **Commonwealth v. Medina**, No. 720 EDA 2006, unpublished memorandum at 1-4 (Pa. Super. filed April 1, 2008). We thus will consider the trial court's representation of the trial testimony from October 11 and 12, 2005, to be accurate.

shined directly onto Appellant, with a second light coming from a nearby building.

In addition to these two identification witnesses, the Commonwealth also presented the testimony of April Velez, who testified that, prior to the killing, she heard Appellant planning to murder the victim and accompanied him to Home Depot "to purchase gloves," *id.* at 22 (citing N.T., 10/11/2005, at 175), and of Rashaan Washington, who testified that, after the killing, he heard Appellant admit to the murder. *Id.* at 20 (citing N.T., 10/12/2005, at 109). Sergeant Matthew Stash of the Wilkes-Barre Police Department testified that, when Appellant was arrested, the murder weapon was in his possession. N.T., 10/14/2005, at 135. No character witnesses were called on behalf of Appellant.

Appellant was convicted of murder of the first degree and related charges and sentenced to life imprisonment, and this Court affirmed his judgment of sentence. On March 25, 2009, Appellant, *pro se*, timely filed a PCRA petition. Appellant's appointed PCRA counsel then filed an amended PCRA petition contending that his appellate counsel was ineffective for failing to file a petition for allowance of appeal to the Supreme Court of Pennsylvania and requesting that his right to file such a petition be reinstated *nunc pro tunc*. The PCRA court dismissed Appellant's PCRA petition without a hearing. PCRA Court Opinion, filed July 28, 2010, at 1. This Court vacated the PCRA order and reinstated Appellant's right to file a petition for allowance of appeal to our

Supreme Court. ***Commonwealth v. Medina***, No. 1515 EDA 2010, unpublished memorandum at 1 (Pa. Super. filed April 17, 2012). On October 11, 2012, Appellant filed his petition for allowance of appeal, which was denied by the Supreme Court on June 6, 2013. ***Commonwealth v. Medina***, 68 A.3d 907 (Pa. 2013).

On April 7, 2014, Appellant, *pro se*, filed the current, timely PCRA petition. On April 16, 2016, PCRA counsel filed an amended PCRA petition,[4] alleging that "[t]rial counsel was ineffective for failing to call character witnesses as to [Appellant]'s reputation for being non-violent" and that "[d]irect appeal counsel was ineffective for failing to immediately raise known recantation made by inculpatory witness, Rashaad Washington." Amended PCRA Petition, 4/16/2016, at 4-5. Attached to the amended PCRA petition

---

[4] Again, we lament the state of the record. No order appointing counsel or granting permission to file an amended petition appears in the certified record or on the docket. The docket merely states that PCRA counsel entered his appearance on August 14, 2014. There is also no explanation in the certified record or on the docket as to why over 20 months passed between PCRA counsel's entry of appearance and his filing of an amended PCRA petition.

In its brief to this Court, the Commonwealth states that the PCRA court appointed counsel but makes no mention of it granting permission to file an amended PCRA petition. Commonwealth's Brief at 5.

However, as neither party objects to the absence of such orders from the record, their omission will not affect our ultimate decision, even though "[o]missions like these significantly impair our ability to consider an appeal." ***Erie***, 175 A.3d at 1006.

were affidavits from Yolana Medina, Malta Medina Andrade, Alex Garcia, and Clari Medina, each stating in their entirety:

> I, [affiant's name], hereby attest that the foregoing Affidavit is true and correct with regard to case CP-51-CR-0302492-2004 and to the best of my knowledge, information and belief. I state this subject to the penalties of perjury.
>
> I was available and willing to testify on behalf of Anthony Medina, Jr. as to his appropriate good character at the above-docket trial but I was not called as a witness.

*Id.*, App. A (Aff. of Yolana Medina, 11/9/2015; Aff. of Malta Medina Andrade, 11/17/2015; Aff. of Alex Garcia, 11/28/2015; Aff. of Clari Medina, 12/15/2015). Each affidavit included the affiant's address: Yolana Medina lived in Philadelphia; Andrade lived in the Bronx, New York; Garcia lived in Silver Springs, Maryland; and Clari Medina lived in Orlando, Florida. *Id.*

On August 3, 2016, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). On August 16, 2016, Appellant filed, *pro se*, a "Motion to Suspend Rule 907 Order Pending Disposition of Petitioner's Pending Motion to Conduct a Grazier[5] Hearing."[6] According to the most recent PCRA court opinion: "On November 29, 2016, a hearing pursuant to [*Grazier*] was conducted. Thereafter, the [PCRA c]ourt found [A]ppellant's decision to represent himself

---

[5] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[6] Despite the name of this filing, no motion to conduct a *Grazier* hearing was pending at that time.

- 5 -

knowing[,] intelligent and voluntary." PCRA Court Opinion, filed December 26, 2017, at 6.[7] On February 9, 2017, Appellant, *pro se*, filed a response requesting to amend his PCRA petition, which the PCRA court granted.

On February 16, 2017, Appellant filed "Petitioner's Objection to PCRA Court Notice of Intent to Dismiss Post-Conviction-Relief-Act Petition without a Hearing" (hereinafter "Objection"), again contending that trial counsel was ineffective for failing to call character witnesses "in support of his mistaken identity defense." Objection, 2/16/2017, at 5. Appellant argued that he suffered prejudice due to trial counsel's failure to call character witnesses, because calling such witnesses "would have been consistent with trial counsel's strategy" and "would have made his defense of mistaken identity more believable, by portraying [Appellant] as a non-violent man." *Id.* at 9.

On August 4, 2017, the PCRA court dismissed Appellant's petition. On August 31, 2017, Appellant filed this timely appeal.

---

[7] Nothing in the certified record or on the docket confirms that a *Grazier* hearing was held or that the PCRA court allowed PCRA counsel to withdraw and Appellant to proceed *pro se*. However, although, again, "[o]missions like these significantly impair our ability to consider an appeal[,]" *Erie*, 175 A.3d at 1006, both Appellant and the Commonwealth agree that the hearing occurred and the order was entered, and we will thus accept the procedural history as presented in the PCRA court's opinion. Appellant's Brief at 16; Commonwealth's Brief at 5; PCRA Court Opinion, filed December 26, 2017, at 6.

On November 1, 2017, the PCRA court ordered Appellant "to file of record and serve on the trial judge" a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); the order also stated: "A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the Order, ruling or other matter complained of." Order, 11/1/2017. Appellant complied and filed a statement of errors complained of on appeal on November 9, 2017. The trial court entered its opinion on December 26, 2017.

Appellant presents the following issues for our review:

I. Should the PCRA court's failure to inform Appellant of the requirements of Pa.R.A.P. 1925(b)(3)(iv), in its written order, preclude a finding that the issues briefed on this appeal are waived under Pa.R.A.P. 1925(b)(4)(vii), as a matter of law?

II. Did the PCRA court commit an error of law when denying Appellant, Anthony Medina Jr., post-conviction relief or an evidentiary hearing on his meritorious ineffective assistance of counsel claims that:

a). Trial counsel failed to inform him of his right to present and call character witnesses at trial to testify to his non-violent reputation?

b). Appellate counsel failed to raise an after-discovered evidence claim on direct appeal upon receiving a recantation letter written by Commonwealth witness Rashaan Washington?

c). All prior counsel failed to conduct a competent investigation into Rashaan Washington's inculpatory police statement and testimony upon learning he offered false evidence used to deprive [Appellant] of a fair trial?

Appellant's Brief at 5 (suggested answers, PCRA court's answers, and unnecessary capitalization omitted).

- 7 -

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018).

## Pa.R.A.P. 1925(b)(3)(iv)

Appellant first contends that "the PCRA court's failure to inform [him] of the requirements of Pa.R.A.P. 1925(b)(3)(iv) in its written order precludes this Court from finding that the claims now briefed on this appeal are waived under Pa.R.A.P. 1925(b)(4)(vii)." Appellant's Brief at 21. Pa.R.A.P. 1925(b)(3)(iv) states: "The judge's order directing the filing and service of a Statement shall specify . . . that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." In the current action, the PCRA court's order directing Appellant "to file of record and serve on the trial judge" a concise statement of errors warned: "A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the Order, ruling or other matter complained of." Order, 11/1/2017. Thus, the PCRA court's order complied with Pa.R.A.P. 1925(b)(3)(iv), and Appellant's first challenge is meritless.

## Ineffective Assistance of Trial Counsel

Next, Appellant argues that "the PCRA court committed an error of law when denying [him] post-conviction relief or an evidentiary hearing" on his claim that his trial counsel was ineffective for "fail[ing] to inform Appellant of his right to present and call character witnesses at trial to testify to his non-

violent reputation" when he "stood trial for a violent crime of murder." Appellant's Brief at 22, 25. He adds that this Court "has not hesitated to find arguable merit to such a claim" in other cases. *Id.* at 23 (citing *Commonwealth v. Carter*, 597 A.2d 1156, 1162 (Pa. Super. 1991) (finding claim that trial counsel failed to inform appellant of his right to call character witnesses to be of arguable merit); *Commonwealth v. Luther*, 463 A.2d 1073, 1081 (Pa. Super. 1983) (trial counsel's failure to advise appellant, prior to trial, of the importance of character witnesses was ill-advised, appellant's ineffectiveness claim was of arguable merit)).

The admission of character evidence is controlled by Pa.R.E. 404 and 405. According to Pa.R.E. 404(a)(2)(A), "a defendant may offer evidence of the defendant's pertinent trait[.]" The official comment to Pa.R.E. 404 further clarifies that subsection (a)(2)(A) "allows the defendant to 'put his character in issue,' usually by calling character witnesses to testify to his good reputation for a law-abiding disposition, or other pertinent trait of character." Cmt. to Pa.R.E. 404. Pursuant to Pa.R.E. 405(a): "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation. Testimony about the witness's opinion as to the character or character trait of the person is not admissible." This Court has explained:

> Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. Such evidence must relate to a period at or

about the time the offense was committed and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.

*Commonwealth v. Radecki*, 180 A.3d 441, 453–54 (Pa. Super. 2018) (citation omitted) (some formatting).

In the current appeal, the affidavits from alleged character witnesses that were attached to Appellant's amended PCRA petition do not list what character trait the witnesses would be testifying about. Amended PCRA Petition, 4/16/2016, App. A. Therefore, the proposed testimony would not comply with the requirement of Pa.R.E. 404(a)(2)(A) that only evidence of a "defendant's pertinent trait" may be admitted as character evidence. Additionally, none of the affidavits refer to the potential character witnesses' ability to testify to Appellant's "reputation," Amended PCRA Petition, 4/16/2016, App. A; only reputation evidence may be used to prove character, not the individual's opinion of the Appellant's character. Pa.R.E. 405(a); *see also* Cmt. to Pa.R.E. 404. Also, only one of the affiants, Yolana Medina, lives in Philadelphia; the other three live in other states. Amended PCRA Petition, 4/16/2016, App. A. Thus, only one could testify "as to the community opinion" of Appellant. *Radecki*, 180 A.3d at 454. For all these reasons, Appellant failed to establish that the testimony of any of his would-be character witnesses would have been admissible under Pa.R.E. 404(a) and 405(a), and we cannot find trial counsel ineffective for failing to call these witnesses at trial. *See Commonwealth v. Sneed*, 45 A.3d 1096, 1115 (Pa. 2012)

("Counsel will not be deemed ineffective for failing to raise a meritless claim.").

Assuming we accept the representation of the amended PCRA petition and in Appellant's brief that Appellant's character witnesses would have testified to his reputation for being "non-violent," Amended PCRA Petition, 4/16/2016, at 4-5; Appellant's Brief at 22, and that their testimony would have been admissible pursuant to Pa.R.E. 404(a)(2)(A) and 405(a), we would still conclude that Appellant's ineffective assistance claim is without merit.

> In establishing whether defense counsel was ineffective for failing to call witnesses, [A]ppellant must [still] prove (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.[8]

*Commonwealth v. Treiber*, 121 A.3d 435, 463–64 (Pa. 2015) (citations omitted) (some formatting). For example, in *Commonwealth v. Goodmond*, 190 A.3d 1197, 1202 (Pa. Super. 2018), this Court concluded that defense counsel was not ineffective for failure to call two character witnesses when the appellant "failed to demonstrate to the PCRA court or to this Court that trial counsel had been aware of these particular witnesses at the time of trial, or should have been aware of them[,]" and that "the absence

---

[8] As Appellant notes in his brief, Appellant's Brief at 22, 28, the PCRA court only analyzed this issue pursuant to the prejudice prong. PCRA Court Opinion, 2/26/2017, at 11-12. Nevertheless, "[t]his Court may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012).

of the proposed witnesses' testimony was so prejudicial as to deny him a fair trial[.]"

Although Appellant presented affidavits from four alleged character witnesses that satisfied the first, second, and fourth prongs of the test to determine whether defense counsel was ineffective for failing to call witnesses, Amended PCRA Petition, 4/16/2016, App. A, Appellant does not plead that trial counsel knew or should have known of the existence of these potential character witnesses. **Treiber**, 121 A.3d at 464; **see Goodmond**, 190 A.3d at 1202. Thus, Appellant has failed to fulfill one of the prongs of the test to establish that defense counsel was ineffective for failing to call witnesses, and his entire ineffectiveness claim based on trial counsel's failure to call character witnesses collapses. **See Treiber**, 121 A.3d at 464; **Goodmond**, 190 A.3d at 1202.

Assuming Appellant had established that trial counsel was aware of his potential character witnesses, Appellant still failed to suffer prejudice due to the lack of character witnesses during trial. **See Treiber**, 121 A.3d at 464; **see also Goodmond**, 190 A.3d at 1202. In his brief to this Court, Appellant contends that the testimony of character witnesses would have undermined the credibility of Gomez, Colon, Washington, and Velez and that he hence was prejudiced by trial counsel's failure to call character witnesses. Appellant's Brief at 28-36. However, in his pleading before the PCRA court, Appellant only argued that character witnesses would have aided his defense of mistaken identification. Objection, 2/16/2017, at 5, 9. "Issues not raised in the lower

- 12 -

court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). We will therefore only consider the claim raised in the PCRA court – *i.e.*, whether character witnesses could have undermined Gomez's and Colon's identification testimony.

Pursuant to our review of the record, we conclude that both Gomez's and Colon's identifications of Appellant were so strong that character witness testimony would have been insufficient to cast doubt on their credibility and veracity. Both Gomez and Colon testified that they had clear, well-lighted views of Appellant and that they observed him for about five minutes. Trial Court Opinion, filed October 30, 2006, at 10-13, 15. Colon also testified that she had looked down on Appellant from a second-story, large bay window and that Appellant's face was uncovered. The inclusion of character witness testimony would not have altered the jury's credibility determination and, thus, the outcome of the trial; hence, Appellant was not prejudiced by trial counsel's failure to call character witnesses at trial. Accordingly, trial counsel cannot be considered ineffective for this reason. *Treiber*, 121 A.3d at 464.

The current matter can therefore be distinguished from the two cases, *Carter* and *Luther*, relied upon by Appellant in his brief, Appellant's Brief at 23, because, based upon the facts in both those cases, this Court concluded that there was a likelihood that, had character witnesses been introduced, the outcome of trial may have been different. *See Carter*, 597 A.2d at 1163 (character evidence "would not have been inconsistent with the trial strategy of alibi which counsel pursued at trial and, indeed, may have bolstered

- 13 -

appellant's alibi defense"[9]; "trial counsel's failure to inform appellant of that option may have deprived appellant of an available defense having substantial potential for success"); *Luther*, 463 A.2d at 1080 ("In a case where virtually the only issue is the credibility of the witness for the Commonwealth versus that of the defendant, failure to explore all available alternatives to assure that the jury heard the testimony of a known witness who might be capable of casting doubt upon the truthfulness of the Commonwealth witness is ineffective assistance of counsel.").[10]

As Appellant is not entitled to PCRA relief on his second challenge, he is likewise not entitled to an evidentiary hearing on that claim. *Commonwealth*

---

[9] *Carter* consequently can be distinguished from the instant action, because character witnesses in *Carter* were intended to bolster an alibi defense, whereas, in the instant appeal, Appellant's defense was one of mistaken identity. *Compare* 597 A.2d at 1163 *with* Objection, 2/16/2017, at 5, 9.

[10] Ergo, *Luther* can also be distinguished from the instant case, because (1) the Commonwealth's case in *Luther* almost entirely relied upon the testimony of one witness, whereas the instant matter involved multiple witnesses, and (2) the appellant testified in *Luther*, making his character for truthfulness an important issue, whereas Appellant in the present action did not testify. *Compare Luther*, 463 A.2d at 1076, 1080 *with* Trial Court Opinion, filed October 30, 2006, at 10-13, 15, 20, 22.

*Luther* is further distinguished by the fact that the appellant in that appeal had no criminal record, whereas Appellant had a criminal record, which could have been used to counter any assertions by character witnesses as to Appellant's good reputation. *Compare Luther*, 463 A.2d at 1078-79 *with* Docket No. CP-40-CR-0002715-2001 (in 2002, Appellant pleaded guilty to manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance, 35 P.S. § 780-113(a)(30), and firearms not to be carried without a license, 18 Pa.C.S. § 6106(a)).

*v. Postie*, \_\_\_ A.3d \_\_\_, 2018 PA Super 340, \*10 (filed Dec. 12, 2018) (*en banc*) ("A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings.").

### Ineffective Assistance of Appellate Counsel[11]

Finally, Appellant maintains that his appellate counsel was ineffective for "fail[ing] to raise an after-discovered evidence claim on direct appeal upon receiving a recantation letter written by" Washington. Appellant's Brief at 38. Appellant further contends that Washington admitted that his testimony about hearing Appellant's admission to the murder was false. *Id.* at 39.

> [C]ounsel is presumed to be effective.
>
> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Commonwealth v. Root*, 179 A.3d 511, 518 (Pa. Super. 2018) (citation omitted) (some formatting). "A failure to satisfy any of the three prongs of [this] test requires rejection of a claim of ineffective assistance[.]" *Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011).

---

[11] Although Appellant lists two separate questions alleging ineffective assistance of counsel relating to Washington's evidence in his statement of questions involved, the argument section of his brief only discusses ineffective assistance of appellate counsel. *Compare* Appellant's Brief at 5 *with id.* at 38-46.

For his final challenge, Appellant has failed to establish the third prong of the ineffectiveness test -- prejudice. *Root*, 179 A.3d at 518. Assuming *arguendo* that appellate counsel had raised the claim of Washington's alleged recantation of his trial testimony and that this Court had agreed that Washington's testimony should not have been presented at trial, the evidence would still have been sufficient to convict Appellant. Even without Washington's testimony, the Commonwealth presented the testimony of one eyewitness to the murder (Gomez), of another witness who identified Appellant leaving the scene of the murder (Colon), and of a third witness who heard Appellant discuss killing Rodriguez and who accompanied him when he purchased supplies for the murder (Velez). Trial Court Opinion, filed October 30, 2006, at 10-13, 15, 22. In addition, these witnesses often corroborated each other, such as when Velez stated that she saw Appellant purchase gloves to commit the murder and Gomez testified that he saw Appellant's gloves after the murder. *Id.* at 12, 22. Furthermore, a police sergeant testified that Appellant was arrested with the murder weapon in his possession. N.T., 10/14/2005, at 135.

Therefore, even if Washington's testimony were excluded, all of this other evidence combined would have been sufficient to convict Appellant of all charges. Consequently, "there was not a reasonable probability of a different outcome" if Washington's testimony had been excluded. *Root*, 179 A.3d at 518. For that reason, Appellant is unable to establish the prejudice prong of

the ineffectiveness test, *id.*, and, as he cannot satisfy one prong, the entire ineffectiveness claim fails. ***Chmiel***, 30 A.3d at 1128.

For the reasons given above, we conclude that Appellant's issues raised on appeal are meritless. Having discerned no error of law, we affirm the order below. ***Brown***, 196 A.3d at 150.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/19