J-S55033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES EDWARD MARSH | : | |
| | : | |
| Appellant | : | No. 458 WDA 2019 |

Appeal from the PCRA Order Entered February 28, 2019
In the Court of Common Pleas of Somerset County Criminal Division at
No(s): CP-56-CR-0000098-2017

BEFORE:  MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:　　　　　　**FILED FEBRUARY 3, 2020**

Appellant, James Edward Marsh, appeals from the order entered February 28, 2019, that denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

At Docket Number CP-56-CR-0098-2017 ("98-17"), on June 22, 2017, Appellant pleaded guilty to burglary and receiving stolen property.[2]  On September 7, 2017, Appellant was sentenced for these convictions, as well as for the convictions at four other docket numbers:  CP-56-CR-1003-2016 ("1003-16"), CP-56-CR-0099-2017 ("99-17"), CP-56-CR-0100-2017 ("100-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3502(a)(4) and 3925(a), respectively.

17"), and CP-56-CR-0206-2017 ("206-17"). His sentences for these actions

were as follows:

For **1003-16**, Appellant was sentenced to six months of probation, to be served concurrently to all his other sentences.

For **98-17**, the current appeal, Appellant was sentenced to an aggregate judgment of sentence of 12 to 24 months of confinement. Appellant was "entitled to credit for time served in this case, totalling 224 days, extending from January 27th, 2017, to September 7th, 2017." Sentence Order, 9/7/2017, at 2; *see also* N.T., 9/7/2017, at 10.

For **99-17**, Appellant was sentenced to 24 to 48 months of confinement to be served consecutively to the sentences at Docket Numbers 98-17, 100-17, and 206-17. Appellant received credit for time served of 220 days.

For **100-17**, Appellant was sentenced to 24 to 48 months of confinement to be served consecutively to the sentences at Docket Numbers 98-17, 99-17, and 206-17. Appellant received credit for time served of 232 days.

For **206-17**, Appellant was sentenced to 6 to 12 months of confinement to be served consecutively to the sentences at Docket Numbers 98-17, 99-17, and 100-17. Appellant was "entitled to credit for time served in this case totalling 183 days, extending from March 8th, 2017, to September 7th, 2017." Sentence Order, 9/7/2017, at 4; *see also* N.T., 9/7/2017, at 12.

During the sentencing hearing, the trial court stated:

**The sentences in cases Nos. 98[-]17, 99[-]17, 100[-]17, and 206[-]17, shall be served consecutively**; thereby creating an aggregate sentence of not less than 66 months nor more than 132 months' incarceration in a State Correctional Institution. . . . I'll go back to what I dictated a moment ago, which is to reiterate that the sentence in case Nos. 98[-17], 99[-17], 100[-17], and 206[-]17, shall be served consecutively, creating an aggregate sentence of not less than 66 months, nor more than 132 months' incarceration, in a State Correctional Institution.

*Id.* at 12-13 (some emphasis omitted).  The written sentencing order states: "The sentencing in Case Nos. 98[-17], 99[-17], 100[-17], and 206[-]17, shall be served consecutively[.]"  Sentence Order, 9/7/2017.  Appellant did not file a direct appeal at 98-17.

On August 27, 2018, Appellant filed his first, *pro se*, timely PCRA petition, listing 98-17 only.  The PCRA court appointed counsel to represent Appellant, who filed an amended PCRA petition on October 23, 2018, contending that Appellant's trial counsel was ineffective for failing to file pretrial motions on his behalf, failing to review discovery with him prior to the entry of his guilty plea, and promising Appellant a specific sentence if he accepted the Commonwealth's plea offer.  Petition for Post-Conviction Collateral Relief, 10/23/2018, at ¶¶ 5-6.

On February 28, 2019, the PCRA court held an evidentiary hearing. During his testimony, Appellant never stated that he would not have pleaded guilty and would have proceeded to trial but for trial counsel's advice.  *See* N.T., 2/28/2019, at 7-18.  At the conclusion of the hearing, the PCRA court denied Appellant's petition.  *Id.* at 36.  On March 5, 2019, Appellant filed this timely appeal.[3]

On November 14, 2019, this Court remanded this action to the PCRA court for a determination as to whether Appellant was still serving his sentence

_____

[3] Appellant filed his statement of errors complained of on appeal on March 29, 2019.  The PCRA court entered its opinion on July 3, 2019.

at 98-17 and whether he is thereby eligible for PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(1)(i). On December 19, 2019, the PCRA court held a hearing and thereafter concluded that Appellant "is still serving a sentence of incarceration" at 98-17. Findings of Fact and Conclusions of Law, 12/20/2019, at 3. Accordingly, Appellant is eligible for PCRA relief pursuant to 42 Pa.C.S. § 9543(a)(1).

Appellant now presents the following issue for our review:

Whether the [PCRA] court erred in dismissing Appellant's amended post-conviction collateral relief act petition by finding that Appellant did not establish the ineffective assistance of trial counsel.

Appellant's Brief at 5.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018)), *reargument denied* (July 17, 2019).

Appellant raises the same allegations of ineffective assistance of trial counsel as in his amended PCRA petition – *i.e.*, that counsel was ineffective in the pretrial stages of his case by failing to file pretrial motions or to show him discovery and was ineffective for promising him a specific sentence if he pleaded guilty. Appellant's Brief at 10-11.

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance

of counsel caused the defendant to enter an involuntary plea of guilty.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test . . . The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citations and internal quotation marks omitted). The three-pronged ineffectiveness test is as follows:

Counsel is presumed to be effective.

To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

*Medina*, 209 A.3d at 1000 (citations and internal brackets omitted) (some formatting).

In the current action, Appellant has failed to establish the third prong of the ineffectiveness test – prejudice. *See id.* "With regard to prejudice . . . to succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Rathfon*, 899 A.2d at 369-70 (citation and internal brackets and quotation marks omitted). Appellant argues that his –

prejudice by trial counsel's advice is obvious in that he gave up several constitutional rights in pleading guilty based on trial counsel's incomplete and ineffective advice. Appellant is further prejudiced by trial counsel's advice as he entered a guilty plea and

was sentenced to a harsher sentence than anticipated, again, based on trial counsel's advice and discussions with him during the pre -sentencing and pretrial phases of his case.

Appellant's Brief at 11. However, Appellant never alleges that trial counsel's actions or omissions caused him to enter his plea, that he would not have pleaded guilty and would have proceeded to trial but for trial counsel's allegedly ineffective assistance, or that his plea was involuntary. ***See id.*** at 10-13. He also failed to make any such claims during his PCRA hearing testimony. ***See*** N.T., 2/28/2019, at 7-18; ***compare id. with Rathfon***, 899 A.2d at 366, 368 (where appellant testified that he would not have entered into plea but for counsel's misapprehension about his sentence, the record established a reasonable probability that appellant would not have pleaded guilty and, thus, ineffective assistance of counsel). Consequently, Appellant failed to plead – let alone to prove –prejudice. ***See Rathfon***, 899 A.2d at 369-70. By failing to satisfy one of the three prongs of the ineffective assistance test, Appellant's entire claim fails. ***Medina***, 209 A.3d at 1000.

Having discerned no error of law, we affirm the order below. ***See id.*** at 996.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/3/2020</u>