J-S12033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY L. JONES | : | |
| | : | |
| Appellant | : | No. 3261 EDA 2018 |

Appeal from the PCRA Order Entered October 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000671-2007

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 13, 2020**

Appellant, Ricky L. Jones, appeals from the order entered October 23,

2018, that dismissed his first petition filed under the Post Conviction Relief Act

("PCRA")[1] without a hearing.  We affirm.

The facts underlying this appeal are as follows:

On October 14, 2006, in Philadelphia, a man by the name of
Shannon Stotts was shot and killed.  Following a police
investigation, appellant was arrested for this crime, and the case
proceeded to a jury trial.  At trial, one witness testified that she
saw appellant at the scene of the shooting when the victim fell,
and two other witnesses testified that they saw appellant run from
the scene.  A fourth witness testified that appellant admitted the
shooting to her.  For his part, appellant asserted an alibi defense,
and testified that he was at his girlfriend's apartment on the night
of the crime.  He further argued that the Commonwealth did not
match the bullets obtained from the victim's body to the weapons

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

that were seized from him at the time of his arrest. The jury ultimately accepted the Commonwealth's view of the facts and convicted appellant of murder of the first degree and possession of an instrument of crime.

*Commonwealth v. Jones*, No. 1375 EDA 2008, unpublished memorandum at 1-2 (Pa. Super filed September 4, 2009). On direct appeal, this Court vacated the judgment of sentence and remanded the case for a new trial. The Commonwealth filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was originally granted; however, on October 4, 2012, the Pennsylvania Supreme Court dismissed the appeal as having been improvidently granted.

Following remand, on June 17, 2014, Appellant pleaded guilty to murder of the third degree, carrying firearms in public in Philadelphia, and possession of an instrument of crime[2] and was immediately sentenced to 20 to 50 years of incarceration. He did not file a motion to withdraw his plea nor a direct appeal.

Appellant then filed his first, *pro se*, timely PCRA petition, which was dated July 20, 2014, and entered on the docket on July 22, 2014. On November 14, 2016, the PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition by April 7, 2017. PCRA counsel motioned for a continuance, which the PCRA court granted, extending the due date to September 18, 2017. PCRA counsel filed an amended petition late, on November 28, 2017, alleging ineffective assistance of plea counsel.

---

[2] 18 Pa.C.S. §§ 2502(c), 6108, and 907(a), respectively.

On September 24, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). Appellant did not file a response. On October 23, 2018, the PCRA court dismissed Appellant's petition.

On November 8, 2018, Appellant filed this timely appeal. On December 11, 2018, Appellant filed the following statement of errors complained of on appeal: "The court erred in denying this PCRA Petition and not holding an evidentiary hearing, which should have been held to determine if trial counsel made any misrepresentations or failures to follow reasonable strategy which caused an invalid guilty plea."[3]

Appellant presents the following issues for our review:

1)     Whether the [PCRA] court erred in dismissing Appellant's Petition Under the [PCRA] without an evidentiary hearing to determine whether [plea counsel] had in effect coerced Appellant into pleading guilty.

2)     Whether the [PCRA] court erred in dismissing Appellant's claim of ineffectiveness when the record clearly showed [plea] counsel had in effect coerced Appellant into pleading guilty.

Appellant's Brief at 4.[4]

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error."

_____

[3] The PCRA court entered its opinion on December 24, 2018.

[4] Despite dividing his appellate brief's statement of questions involved into two separate questions, Appellant presents one consolidated argument. **Compare** Appellant's Brief at 4 **with id.** at 7-8.

*Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting

*Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

Appellant contends that "an evidentiary hearing should be ordered to determine whether [plea] counsel failed to file promised motions and induced [Appellant] to plead guilty." Appellant's Brief at 8. However, his concise statement of errors raised on appeal made no reference to plea counsel inducing, coercing, or otherwise compelling Appellant to plead guilty. "Issues not included in the Statement . . . are waived." Pa.R.A.P. 1925(b)(4)(vii). Any claim by Appellant that he was forced by his counsel to plead guilty is consequently waived. To the extent that it is not waived, Appellant's brief fails to identify what these allegedly "promised motions" were and hence is so vague that we cannot conduct any meaningful review.[5]

Accordingly, we can find no error in the PCRA court's dismissal of Appellant's petition. *See Medina*, 209 A.3d at 996. Since Appellant is not entitled to PCRA relief and no purpose would be served by any additional proceedings, he is likewise not entitled to an evidentiary hearing. *Commonwealth v. Postie*, 200 A.3d 1015, 1022 (Pa. Super. 2018) (*en banc*) ("A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any

---

[5] Appellant's amended PCRA petition does not provide us with any more insight, as it also only states that "trial counsel failed to file several motions that he promised to do," without clarifying what these supposed motions were. Amended PCRA Petition, 11/28/2017, at ¶ 10.

material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings."). Thus, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/20