J-S22036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD SPENCER | : | |
| | : | |
| Appellant | : | No. 1698 MDA 2019 |

Appeal from the PCRA Order Entered September 18, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000585-2017

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED JUNE 12, 2020**

Appellant, Richard Spencer, appeals from the order entered September 18, 2019, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

> [On April 4, 2018,] a jury convicted [Appellant] of indecent assault of a child (less than 13 years of age), and indecent assault of a child (less than 16 years of age and the defendant is four or more years older).[1] . . .
>
> [1] 18 Pa.C.S.A. § 3126(a)(7) and (8).
>
> The trial court sentenced Appellant to an aggregate 12 to 60 months of incarceration on June 28, 2018.  Appellant filed [a] timely appeal[.]

***Commonwealth v. Spencer***, No. 1238 MDA 2018, unpublished memorandum at 1 (Pa. Super. filed April 9, 2019).  This Court affirmed

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

Appellant's judgment of sentence on April 9, 2019. *Id.* On July 8, 2019, Appellant filed his first, timely PCRA petition, alleging ineffective assistance of trial counsel. On August 23, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 and an opinion in support thereof, and, on September 12, 2019, Appellant filed a response thereto. On September 18, 2019, the PCRA court dismissed Appellant's petition. On October 15, 2019, Appellant filed this timely appeal.[2]

Appellant presents the following issues for our review:

[1.] Whether the [PCRA] court erred by failing to grant [Appellant] relief due to ineffective assistance of counsel?

[2.] Whether the [PCRA] court erred by summarily dismissing [Appellant]'s PCRA Petition and Motion for PCRA Hearing pursuant to Rule of Criminal Procedure 907(1)?

Appellant's Brief at 5 (issues re-ordered to facilitate disposition) (suggested answers omitted).

We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error. . . .

Counsel is presumed to be effective.

To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and

---

[2] The PCRA court did not order and Appellant did not file a statement of errors complained of on appeal. On November 7, 2019, the trial court entered a statement that its opinion dated August 23, 2019, would serve as its opinion pursuant to Pa.R.A.P. 1925(a).

(3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

*Commonwealth v. Medina*, 209 A.3d 992, 996, 1000 (Pa. Super. 2019) (internal brackets, citations, and quotation marks omitted) (some additional formatting), *reargument denied* (July 17, 2019).

Appellant alleges "four (4) separate instances of ineffectiveness [of trial counsel] that arose during trial." Appellant's Brief at 16. Specifically, Appellant contends that trial counsel "failed to properly address" the following "incidents":

[1.] At the outset of trial the court referred to the princip[al] witnesses as "victims" in its comments to the jury.

[2.] Thereafter, during cross examination of a defense character witness, the Commonwealth asked a highly prejudicial and unsubstantiated question, "[a]nd you have heard from other people . . . that [Appellant] has groped young girls".

[3.] The Commonwealth then attempted to introduce a document to show that [Appellant] intended to plead guilty.

[4.] Finally, despite an agreement to sequester witnesses, the Commonwealth called two persons who had been present in the courtroom to contradict defense witnesses.

Appellant's Brief at 12 (some formatting); *see also id.* at 16, 19, 23-24; PCRA Petition, 7/8/2019, at ¶ 5 (same).

Preliminarily, we note that Appellant raised the above first and fourth underlying legal claims on direct appeal, and this Court concluded that both challenges were meritless. *Spencer*, No. 1238 MDA 2018, at 4, 6, 9. Accordingly, Appellant cannot establish that "the underlying legal claim[s are]

of arguable merit" and, consequently, cannot overcome the presumption that counsel was effective. *Medina*, 209 A.3d 992 at 1000.

Appellant's second issue focuses on an exchange "during the Commonwealth's cross examination of a defense character witness," where the Commonwealth asked the witness if he had "heard from other people . . . that [Appellant] has groped young girls[.]" Appellant's Brief at 19 (citation to the record omitted). In his appellate brief, Appellant states: "It is unknown why this did not draw an objection from defense counsel." *Id.* at 20-21. Appellant has thereby admitted that he does not know whether the lack of an objection by trial counsel had a "reasonable basis designed to effectuate his client's interest[.]" *Medina*, 209 A.3d at 1000. Appellant has therefore failed to plead and to prove this prong of the ineffective assistance of counsel test, and his entire claim based on the Commonwealth's cross-examination of his character witness founders. *Id.*[3]

Finally, Appellant contends that trial counsel was ineffective for failing to object to the trial court's decision to conduct a sidebar discussion about Appellant's waiver of his preliminary hearing "in proximity to the jury" and "thereby prejudicing" Appellant. Appellant's Brief at 23-24. However, we find

---

[3] Additionally, "the question about whether the witness had heard about [Appellant] groping young girls was answered by the witness in the negative." PCRA Court Opinion, dated August 23, 2019, at 2. Thus, trial counsel may have had an objectively reasonable basis for not objecting to the Commonwealth's question, because counsel anticipated that the witness would answer negatively, which would be to Appellant's benefit.

no reasonable basis for trial counsel to have requested that the trial court clear the courtroom for a routine objection, and, as noted by the Commonwealth, a sidebar, by definition, occurs in the "presence of the jury." Commonwealth's Brief at 34 n.11. Also, as the trial court[4] stated, the "matter was quickly resolved in Appellant's favor at sidebar, and, as a result, the objectionable line of questioning did not occur. Appellant has nothing of which to complain." Trial Court Opinion, dated December 21, 2018, at 4. Appellant has thus failed to prove that the legal claim underlying Appellant's third ineffectiveness has arguable merit or that Appellant was somehow prejudiced by trial counsel's action.

As Appellant is not entitled to PCRA relief on any of his challenges, he is likewise not entitled to an evidentiary hearing on any of his claims, and, ergo, the PCRA court properly disposed of this action without a hearing pursuant to Pa.R.Crim.P. 907. **See Medina**, 209 A.3d at 999-1000 (citing **Commonwealth v. Postie**, 200 A.3d 1015, 1022 (Pa. Super. 2018) (*en banc*) ("A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings.")); **contra** Appellant's Brief at 13-15.

---

[4] Appellant had raised this underlying legal claim as part of his direct appeal, but this Court found that challenge waived and did not address the merits of this claim. **See Spencer**, No. 1238 MDA 2018, at 7.

Having discerned no error of law, we affirm the order below. ***See***

***Medina***, 209 A.3d at 996.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/12/2020