J-S11040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSICA RIZOR | : | |
| | : | |
| Appellant | : | No. 348 WDA 2020 |

Appeal from the PCRA Order Entered February 10, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002637-2004

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: October 8, 2021**

Appellant, Jessica Rizor, appeals from the order entered February 10, 2020, that denied her petition filed under the Post Conviction Relief Act ("PCRA").[1]  After careful review, we are constrained to reverse said order, to vacate the underlying judgment of sentence, and to remand for a new trial or entry of a plea.

> A panel of our Court previously summarized the facts of this case as follows:
>
>> In 2004, Appellant, a married woman who lived with her husband and her mother, concealed the fact that she was pregnant from family and co-workers.  In the early morning hours of the day following Thanksgiving 2004, Appellant gave birth to a live full-term baby girl in the bathroom of her home and disposed of the child in plastic bags.  Husband found the deceased child after Appellant insisted that

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

> Husband take the garbage out of the house. Husband had his mother-in-law call 911. Appellant was taken to the hospital. The Medical Examiner took the deceased child for an autopsy and discovered that the child was born alive and died by asphyxiation. Appellant gave a written statement to police, wherein she detailed the events surrounding the incident.

*Commonwealth v. Rizor*, No. 1128 WDA 2008 (Pa. Super., filed 7/21/10) (unpublished memorandum).

> Appellant was charged with murder and other crimes stemming from the incident.[2] The Commonwealth offered Appellant a 5½ to 30-year sentence, in exchange for a plea of guilty but mentally ill to third-degree murder.

*Commonwealth v. Rizor*, No. 291 WDA 2016, unpublished memorandum at 1-2 (Pa. Super. filed June 8, 2017).

The trial court granted a motion *in limine* precluding Appellant from presenting the excerpt opinions of Dr. Michael Crabtree and Dr. Laszlo Petras regarding her mental status. *Rizor*, No. 1128 WDA 2008, at 3, 7.

Thereafter, the trial court conducted a plea colloquy, at which time Appellant rejected the Commonwealth's deal. *Rizor*, No. 291 WDA 2016, at 2. During the colloquy, the trial court "had question[ed] Appellant about whether she understood the charges she faced and the risk of going to trial. The court informed Appellant she faced a sentence of life in prison without the possibility of parole if she was convicted of murder [of] the first degree." *Id.* at 5.

> Appellant proceeded to a jury trial, where she was convicted of first-degree murder, concealing the death of a child, and abuse of

---

[2] Appellant's trial counsel was Robert Brady, Esquire ("Attorney Brady").

a corpse. On June 5, 2008, the trial court sentenced Appellant to a term of life imprisonment. On appeal, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. Appellant timely filed a PCRA petition, which was subsequently amended twice with permission of the PCRA court.[3]

After Appellant's final amendment of her PCRA petition, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a response and requested a hearing. The PCRA court heard argument on this matter, at which Appellant's PCRA counsel argued [Attorney Brady] was ineffective for failing to present a cognizable trial strategy. After substantial argument, the PCRA court declined to have an evidentiary hearing to permit Appellant to present evidence from [Attorney Brady] about his strategy and about his alleged ineffectiveness.[4] The PCRA court ultimately dismissed Appellant's PCRA petition.

*Id.* at 2-3. Appellant filed a timely appeal and "argue[d] the PCRA court erred by dismissing her PCRA petition without an evidentiary hearing." *Id.* at 3. This Court agreed and "vacate[d] the PCRA court's order denying relief, and remand[ed] for an evidentiary hearing." *Id.* at 1.

On September 8, 2017, the PCRA court, per the order of the Superior Court, scheduled an evidentiary hearing for November 13, 2017. On October[] 23, 2017, [Appellant] filed an

_____

[3] Appellant's first PCRA counsel was David DiCarlo, Esquire ("Attorney DiCarlo"). After Attorney DiCarlo motioned for and was granted permission to withdraw, Appellant's second PCRA counsel, Joshua H. Camson, Esquire ("Attorney Camson"), entered his appearance.

[4] The certified record contains a witness certification from [Attorney DiCarlo], stating that he spoke to [Attorney Brady]. The certification avers [Attorney Brady] admitted during two separate discussions that he was ineffective, and that he would testify to his ineffectiveness before the PCRA court. *See* Amended Witness Certification of [Attorney] Brady, filed 10/23/14, at 2.

*Rizor*, No. 291 WDA 2016, at 7.

omnibus pre-hearing motion requesting the following:  1) that trial counsel, Attorney Brady, be declared unavailable; 2) that [Attorney] DiCarlo be permitted to testify to conversations he had with Attorney Brady; and 3) that Attorney Brady be permitted to testify by telephone regarding his unavailability.  On November 3, 2017, the PCRA court continued the evidentiary hearing in order to hold argument on the omnibus motion on November 13, 2017.

PCRA Court Opinion, dated June 29, 2020, at 14-15 (footnotes omitted).

Appellant testified at a hearing on June 8, 2018, where she admitted that she knew that the mental health reports would not be introduced into evidence on her behalf; however, she believed that Attorney Brady would have the opportunity to question the mental health experts if they were called by the Commonwealth to testify:

Q.    What, if anything, did [Attorney Brady] tell you the effect of that ruling was?

A.    He didn't explain much to me.  He did tell me that because Dr. Petr[a]s and Dr. Crabtree were still on the witness list, that they must be being called so we would probably be able to get their testimony in.

N.T., 6/8/2018, at 39; **see also id.** at 40, 56-58, 64-66.  When asked "if [Attorney] Brady had told you, we have no chance of winning, how would that have affected your decision," Appellant answered, "If I had no chance, I would have taken the plea offer."  **Id.** at 42.[5]

On October 16, 2018, the PCRA court ordered that trial counsel, Attorney Brady, who had since retired from the practice of law and left the jurisdiction, make himself available by whatever means for the evidentiary hearing now scheduled for November 26, 2018. At the hearing, Attorney Brady did not appear or make himself

---

[5] Appellant testified to no other specific circumstances where she would have accepted a plea, and she never admitted guilt nor otherwise took responsibility for her actions.

available by phone, FaceTime video or otherwise. The court denied the defense's motion to allow [Attorney] DiCarlo[] to testify about his communications with Attorney Brady. [Appellant] testified about her interactions with [Attorney Brady] and her decision to reject the plea offer and go to trial. On January 16, 2020, the PCRA court issued notice of its intent to dismiss the [Appellant]'s PCRA petition[, which included a memorandum opinion, explaining its reasons for dismissal]. On January 30, 2020, [Appellant] filed a response to the notice of intent to dismiss. On February 10, 2020, the PCRA court dismissed [Appellant]'s PCRA petition.

On March 2, 2020, Attorney Camson filed a notice of appeal on behalf of [Appellant] from the dismissal order dated February 10, 2020. On March 6, 2020, the PCRA court ordered [Appellant] to file her concise statement of matters complained of on appeal. On March 17, 2020, [Appellant] filed her concise statement[ pursuant to Pa.R.A.P. 1925(b).[6]]

PCRA Court Opinion, dated June 29, 2020, at 14-15 (footnotes omitted).

Appellant presents the following issues for our review:

[1.] Did the PCRA court err in dismissing Appellant's Petition where Appellant proved that [Attorney Brady] was ineffective for failing to properly counsel her about her chances of trial, thus ineffectively representing her in the plea bargaining phase of the case and causing prejudice to her in the form of going to trial on a case with no chance of success?

[2.] Did the PCRA court err in dismissing Appellant's Petition where Appellant proved that [Attorney Brady] was ineffective for failing to apprise her of the reduced likelihood of success of the defense strategy after the trial court precluded her mental health evidence, and that she was prejudiced by this ineffective counsel?

[3.] Did the PCRA court err in dismissing Appellant's Petition where Appellant proved that [Attorney Brady] did not present a cognizable defense, thus resulting in a conviction of murder and a sentence of life in prison?

---

[6] On June 29, 2020, the PCRA court entered its opinion pursuant to Pa.R.A.P. 1925(a).

[4.] Did the PCRA court err in refusing to allow the testimony of [Attorney] DiCarlo concerning his earlier conversations with [Attorney Brady] where [Attorney Brady] admitted he was ineffective in this matter?

[5.] Did the PCRA court err in refusing to admit the statements of [Attorney Brady] where those statements were proper evidence for the PCRA court's consideration?

6. Did the PCRA court apply the wrong legal standard by concluding that there were no genuine issues of material fact rather than applying the **Pierce**[7] test to Appellant's properly pled and proven Petition?

Appellant's Brief at 6-7 (issues re-ordered to facilitate disposition) (PCRA court answers omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Medina**, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018)). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

On appeal, Appellant argues the PCRA court erred by dismissing her PCRA petition. Appellant avers that but for trial counsel's assurances that she

_____

[7] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

would "never set foot in state prison" and counsel's advice to reject the plea offer, Appellant would not have proceeded to trial. Appellant's Brief at 9.

> Counsel is presumed to be effective.
>
> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

*Medina*, 209 A.3d at 1000 (internal brackets, citations, and quotation marks omitted) (some additional formatting).

As noted above, during the trial court's colloquy of Appellant concerning her decision to reject the Commonwealth's plea offer, the court informed Appellant that she faced a sentence of life in prison without the possibility of parole if she were convicted of murder of the first degree; it had also asked her if she had been pressured into making her decision. *Rizor*, No. 291 WDA 2016, at 5. Appellant indicated she understood the charges and risks and that she had not been coerced into making the choice.

> Appellant contends that trial counsel gave her advice to reject the plea because counsel planned to argue an insanity or diminished capacity defense. Appellant's PCRA petition avers that even after the trial court granted the Commonwealth's motion to preclude mental health evidence, counsel did not apprise her of the change to the defense strategy or its considerably reduced likelihood of success.

*Id.* at 6; *see also* Appellant's Brief at 14.

- 7 -

During the evidentiary hearing for her PCRA petition, Appellant testified that, although she understood that the mental health reports would not be introduced on her behalf during trial, she still thought that her counsel could question the mental health experts if and when they were called as witnesses by the Commonwealth. N.T., 6/8/2018, at 39-40, 56-58, 64-66. Hence, when Appellant rejected the plea bargain offered by the Commonwealth, that decision was predicated upon the mistaken belief that her attorney would be able to present a mental health defense. Appellant's underlying claim thereby has arguable merit.

Furthermore, in its opinion, the PCRA court also states that counsel cannot be deemed ineffective for failing to present a cognizable defense. *See* PCRA Court Opinion, dated January 16, 2020, at 21-31. The PCRA court reached the same conclusion prior to the evidentiary hearing. *See Rizor*, No. 291 WDA 2016, at 6 (citing PCRA Court Opinion, dated May 17, 2016, at 21). However, trial counsel's failure to present a cognizable defense goes toward evaluating the reasonableness of counsel's advice not to take the plea. As this Court previously explained:

> Appellant claims she believed trial counsel had a legally sound defense when she rejected the plea. The court's evidentiary ruling prior to trial eviscerated counsel's ability to present this defense. Without the ability to present any exculpatory mental health testimony, and no other line of defense evident from the transcripts, counsel would have no reasonable basis for rejecting the plea.

*Id.* at 6-7.

Finally, the prejudice in this case is self-evident. Had counsel advised Appellant to take the plea and Appellant thereby accepted the advice, she would have received a sentence of 5½ to 30 years of incarceration—instead of the life without the possibility of parole sentence that she is currently serving.

Consequently, Appellant has established that her underlying legal claim is of arguable merit, that counsel's actions lacked any objectively reasonable basis designed to effectuate Appellant's interest, and prejudice. Ergo, she has overcome the presumption of that counsel was effective. For this reason, we are compelled to reverse the order of the PCRA court, to vacate the underlying judgment of sentence, and to remand for a new trial or entry of a plea.[8]

Order reversed. Judgment of sentence vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

---

[8] Appellant's next two challenges concern the admissibility of out-of-court statements – specifically, the PCRA court's preclusion of Attorney Brady's alleged admissions of ineffectiveness made to Attorney DiCarlo. As we find that Appellant's testimony alone was sufficient to establish ineffective assistance of counsel requiring reversal, we need not reach the question of whether the PCRA court properly excluded Attorney Brady's hearsay statements from evidence, as the admission of these statements would not have changed the outcome of Appellant's ineffectiveness challenge. Finally, we note that it is irrelevant to our review whether the PCRA court used the correct legal standard in considering Appellant's ineffectiveness claims, as we have done so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/08/2021