J-S69033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :        PENNSYLVANIA
                                        :
          v.                          :
                                        :
STAN ROSENTHAL                    :
                                        :
            Appellant            :    No. 1481 EDA 2019

Appeal from the PCRA Order Entered May 3, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0607691-1986

BEFORE: SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:             **FILED FEBRUARY 06, 2020**

Appellant, Stan Rosenthal, *pro se*, appeals from the order entered

May 3, 2019, that dismissed his second petition filed under the Post Conviction

Relief Act ("PCRA")[1] without a hearing. We affirm.

The facts and procedural history underlying this appeal are as follows:

Police charged Appellant[, born March 6, 1958,] with first degree
murder in the 1986 fatal beating and stabbing of his girlfriend,
Dawn Teper. . . . Appellant admitted to police that he assaulted
Dawn but insisted his attack resulted from heat of passion and his
altered perception of reality due to drug abuse. Appellant filed a
motion to suppress his statements to police, but the trial court
denied the motion. Appellant waived his right to a jury trial in
exchange for the Commonwealth's promise not to seek the death
penalty.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

The trial court rejected Appellant's argument that he was incapable of forming the specific intent to kill at the time of the murder due to ingestion of a great quantity of drugs. Appellant claimed his use of drugs was involuntary due to an addiction that he developed from use of drugs over a long period of time. Instead, the court credited testimony that Appellant previously had threatened to kill Dawn if she left him and concluded he acted on that threat. The court also gave little weight to the fact that a psychiatrist who saw Appellant after he was arrested concluded he was depressed and needed further observation to prevent a possible suicide. The court gave more weight to the fact that tests administered at the hospital failed to detect any residue of narcotics. It convicted Appellant of first degree murder and possession of an instrument of crime. The court immediately imposed a mandatory life sentence for first degree murder. On July 27, 1989, the trial court imposed a two and one-half to five year sentence for possession of an instrument of crime concurrent to the life sentence it previously imposed for murder.

Appellant filed a direct appeal, and we affirmed the judgment of sentence. *Commonwealth v. Rosenthal,* 583 A.2d 835 (Pa.Super. 1990) (unpublished memorandum opinion). Appellant filed a petition for reargument that we denied. Next, Appellant filed a petition for remand for an evidentiary hearing to develop a factual basis in support of the claims of ineffective assistance of counsel he had made on direct appeal. We also denied this petition. Appellant then filed a petition for allowance of appeal, arguing that our Supreme Court should reconsider its decision in *Commonwealth v. Young,* 524 Pa. 373, 572 A.2d 1217 (1990). In *Young,* the Court concluded that defendants were not denied their constitutional rights under the fifth and sixth amendments to the United States Constitution when they are not informed about the potential harm to themselves by not consulting with an attorney before making a statement. Our Supreme Court denied Appellant's request for an appeal on May 13, 1991. Appellant then filed a *writ of certiorari* to the United States Supreme Court, which that Court denied on December 16, 1991. Finally, Appellant filed [a] PCRA petition, his first, on January 12, 1996.

*Commonwealth v. Rosenthal*, No. 4334 Philadelphia 1996, unpublished

memorandum at 1-3 (Pa. Super. filed October 23, 1998). On October 31,

- 2 -

1996, the PCRA court denied Appellant's first PCRA petition. *Id.* at 1. On October 23, 1998, this Court affirmed that denial of PCRA relief. *Id.*

On March 28, 2016, Appellant *pro se* filed his second PCRA petition, which stated:

> [Appellant] concedes that his current PCRA petition is not filed within one year of the date his judgment of sentence became final.[2] However, [Appellant]'s claim fulfills the exception of 42 Pa.C.S. §9545(b)(1)(iii).
>
> [Appellant] claims that the US Supreme Court's decision in *Montgomery* [*v. Louisiana*, 136 S. Ct. 718 (2016),] that held the Court's previous ruling in *Miller* [*v. Alabama*, 567 U.S. 460 (2012),] applied retroactively, "is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by the Court to apply retroactively."

PCRA Petition, 3/28/2016, at 5.

On March 12, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907, concluding that it lacked jurisdiction over Appellant's petition, because the petition was untimely and failed to satisfy an exception to the PCRA's time bar. On March 25, 2019, Appellant filed a response that did not request to amend the PCRA petition.

---

[2] Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. *See* 42 Pa.C.S. § 9545(b)(1).

On May 3, 2019, the PCRA court dismissed Appellant's petition. On May 13, 2019, Appellant filed this timely appeal.[3]

Appellant presents the following issues for our review:

(1)

Did the PCRA [c]ourt err in dismissing [A]ppellant['] Post-Conviction Relief Act Petition as untimely which [A]ppellant filed within 60-days of MONTGOMERY V. LOUISIANA 136 S.Ct 718 2018 challenging whether the Act of October 25, 2012 P.L. 204 which authorizes as to findings of guilt for First and Second Degree Murder sentences of 20,25,30 and 35 years to life and did such repeal for similar conviction 18 Pa C.S.A. §1102(a)-sentence for first degree murder which authorizes death and life imprisonment and 18 Pa C.S.A.§1102(b)-sentence for second degree murder which authorizes life imprisonment?

(2)

Whether where the United States Supreme Court decision invalidating mandatory minimum and maximum sentencing statutes and other decisions invalidating mandatory death penalty statutes and statutes authorizing mandatory life imprisonment as to juveniles create a Constitutional Right which wasn't recognize[d] as such satisfies the One year time limitations of 42 Pa C.S. §9545(b)(1)(iii)?

Appellant's Brief at 5.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error."

**Commonwealth v. Medina**, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting

**Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018)).

_____

[3] Appellant filed his statement of errors complained of on appeal on July 29, 2019.

Initially, we observe that Appellant is correct that the United States Supreme Court in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), held that *Miller v. Alabama*, 567 U.S. 460 (2012), applies retroactively; *Miller* held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 465. Petitioners who were at least 18 years old at the time of their crimes – such as Appellant, who was 28 years old -- "are not within the ambit of the *Miller* decision [and its corollary, *Montgomery*,] and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). Hence, *Miller* and *Montgomery* are inapplicable to Appellant. Having discerned no error of law, we affirm the order below. *See Medina*, 209 A.3d at 996.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/20

- 5 -