J-S09037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEE SANABRIA, | : | |
| | : | |
| Appellant | : | No. 588 EDA 2019 |

Appeal from the PCRA Order Entered January 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005419-2016

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:                **FILED APRIL 06, 2020**

Appellant, Lee Sanabria, *pro se*, appeals from the order entered January 23, 2019, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

On May 22, 2017, Appellant pleaded guilty to robbery, conspiracy to commit robbery, and possessing instruments of crime.[2]  On August 15, 2017, he was sentenced to four to ten years of confinement, with a concurrent five-year probation; he did not file a direct appeal.  On July 23, 2018, Appellant, *pro se*, filed his first, timely PCRA petition.  The PCRA court appointed counsel

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903, and 907(a), respectively.

to represent Appellant, but, on December 17, 2018, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 19, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"); the notice ordered that any response thereto must be filed within 20 days of the date of the notice.

On January 2, 2019, Appellant, *pro* se, filed a request for extension of 20 additional days to file a response to the Rule 907 Notice. The request's explanation for Appellant's need for an extension of time was, in its entirety: "In light of the holidays and the new [Department of Corrections] mailing policy[3] – and scheduling of Law Library – Petitioner cannot respond to the Court within 20 days of 12/19/18 907 Notice." Request for Extension of Time to File Response to 907 Notice to Dismiss PCRA, 1/2/2019, at ¶ 2. As PCRA counsel's motion to withdraw had not yet been granted, on January 9, 2019, counsel also filed a motion for extension of time to file a response to the Rule 907 Notice on Appellant's behalf. On January 23, 2019, without ruling on Appellant's request for an extension of time, the PCRA court dismissed

---

[3] We take judicial notice that the revised mail policy of the Department of Corrections required all incoming mail to prisoners to be first diverted to a third-party contractor in Florida.

Appellant's petition and granted counsel's motion to withdraw. On February 19, 2019, Appellant filed this timely appeal.[4]

Appellant presents the following issue for our review:

Whether the [trial] court erred by dismissing [Appellant's] PCRA petition and abused its discretion by not granting extension of time to file response to the court's [Rule] 907 Notice to dismiss?

Appellant's Brief at 2 (unnecessary capitalization omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

Appellant contends that the trial "court erred by dismissing [his] PCRA petition and abused its discretion by not granting [an] extension of time to file [a] response to the court's [Rule] 907 Notice [.]" Appellant's Brief at 6. He argues that he "will clearly suffer prejudice in light of the fact that PCRA counsel's ineffectiveness must be raised in a Response to a Court's 907 Notice to Dismiss or it will be waived." *Id.* at 8-9 (citations omitted); *see also id.* at 5 (summary of argument).

However, Appellant failed to explain in his extension-of-time request what he specifically intended to provide in his Rule 907 response had his request been granted. *See* Request for Extension of Time to File Response to

---

[4] Appellant filed his statement of errors complained of on appeal on March 20, 2019. The trial court entered its opinion on June 24, 2019.

907 Notice to Dismiss PCRA, 1/2/2019, at ¶ 2. In his brief, filed more than six months later, Appellant's only explanation of what **specific** issue he would have raised in a Rule 907 response is a bald claim of PCRA counsel's ineffectiveness. Appellant's Brief at 5, 8-9.[5] Appellant's argument that the court erred by not responding to his request for **additional** time to file a Rule 907 response is not analogous to a claim that the court failed to provide an appellant the opportunity to respond.

For the reasons given above, we conclude that Appellant's sole issue raised on appeal is meritless. Having discerned no error of law, we affirm the order below. **See Medina**, 209 A.3d at 996.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/6/2020*

---

[5] Appellant has not alleged that PCRA counsel's petition to withdraw and "no merit" letter were insufficient. **See** Appellant's Brief at 5-9.