J-S09034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS D RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 84 EDA 2019 |

Appeal from the PCRA Order Entered December 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0802282-2006

BEFORE:   SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED APRIL 06, 2020**

Appellant, Luis D Rodriguez, *pro se*, appeals from the order entered

December 17, 2018, that dismissed his second petition filed under the Post

Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

The facts and procedural history underlying this appeal are as follows:

Appellant and Nicholas Santiago were both involved romantically
with Melissa Sanchez.  On May 5, 2001, Mr. Santiago discovered
Appellant in bed with Ms. Sanchez.  Mr. Santiago threw Appellant
down a flight of stairs, broke his nose, and gave him two black
eyes.  Appellant informed several individuals that he was going to
"get" Mr. Santiago.  He approached Marco Agosto, Michael Wood,
and Shawn Beckham to assist him in murdering Mr. Santiago.[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] "Just prior to . . . Santiago's murder, Michael Wood chose not to participate."
Trial Court Opinion, dated September 2, 2008, at 2 n.2 (citing N.T.,
7/19/2007, at 134).

On May 8, 2001, Mr. Agosto drove Appellant and Mr. Beckham to Mr. Santiago's mother's house, where they proceeded to shoot him to death. Appellant later boasted about shooting Mr. Santiago to several witnesses. In an altercation with another individual following the murder, Appellant threatened to shoot that person just as he did Mr. Santiago.

A bench trial commenced July 19, 2007, and concluded July 26, 2007. The trial court convicted Appellant of murder in the first degree, criminal conspiracy, firearms not to be carried without a license, and possessing instruments of crime.[1] The court proceeded immediately to sentencing, and sentenced Appellant to a mandatory sentence of life imprisonment for first-degree murder, and concurrent terms of ten to twenty years' incarceration for conspiracy, three and one-half to seven years' incarceration for [firearms not to be carried without a license], [and] two and one-half to five years' incarceration for [possessing instruments of crime].

[1] 18 Pa.C.S. § 2502(c), § 903, § 6106, and § 907, respectively.

Appellant timely filed post-sentence motions, asserting that his conviction for first-degree murder was against the weight of the evidence. The trial court denied this motion without a hearing. Appellant timely filed a notice of appeal *pro se*; this Court requested that the trial court conduct a *Grazier*[2] hearing, and on October 3, 2007, the trial court appointed new counsel for Appellant. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement; the trial court issued a responsive opinion on September 2, 2008, and a supplemental opinion on December 4, 2008.

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

On February 23, 2010, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied his subsequent petition for allowance of appeal on January 30, 2012. *See Commonwealth v. Rodriguez*, 996 A.2d 15 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 38 A.3d 824 (Pa. 2012).

On April 11, 2013, Appellant timely filed [his first] PCRA petition, contending that trial counsel was ineffective for failing to present

alibi testimony at trial,[3] for improperly advising him to waive his right to a jury trial, and for failing to object to the trial judge's decision to limit the number of spectators during the trial. On August 16, 2014, appointed counsel filed an amended PCRA petition. On November 19, 2014, the Commonwealth filed a motion to dismiss.

On June 2, 2015, the PCRA court conducted an evidentiary hearing with regard to the alibi claim only. [PCRA Court Opinion, 3/4/2016,] at 4-9. . . . On November 12, 2015, the PCRA court formally dismissed Appellant's petition. . . . Appellant timely appealed and submitted a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

*Commonwealth v. Rodriguez*, No. 3528 EDA 2015, unpublished memorandum at 1-3, 5 (Pa. Super. filed November 14, 2016). On November 14, 2016, this Court affirmed the denial of Appellant's first PCRA petition. *Id.* at 1. On November 22, 2016, Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on April 18, 2017.

On June 22, 2017, Appellant, *pro se*, filed his second PCRA petition, which he acknowledged was untimely but contended qualified for an exception to the PCRA timeliness requirement pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).[4]

---

[3] The proposed alibis were Appellant's mother, Maria Domenech, and his stepfather, Juan Alicea. *Commonwealth v. Rodriguez*, No. 3528 EDA 2015, unpublished memorandum at 4 (Pa. Super. filed November 14, 2016). These alleged alibi witnesses were thereby different than the alleged alibi witnesses put forth in Appellant's second PCRA petition, discussed in more detail below.

[4] Any petition under [the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that: . . .

Specifically, Appellant's PCRA petition alleged "[u]nknown facts in the form of two (2) witnesses who have come forward to provide affidavits stating that they witnessed [Appellant] at his window talking to a girl on the day and around the time of the incident." PCRA Petition, 6/22/2017, at 3. The PCRA petition further asserted that the first witness, Yartiza Medina, was the individual with whom Appellant was "having a conversation . . . while [he] was at his window on May 8, 2001, between the hours of 11:45 [p]m[5] and . . . 12:30 am." ***Id.*** at 6. The PCRA petition maintains that the second witness, Marilyn Garcia, was Appellant's neighbor and overheard the conversation. ***Id.*** at 7. The petition provides no information as to how or when Appellant discovered these supposedly previously "unknown facts." ***See generally id.***

On November 2, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907, and, on November 21, 2018, Appellant filed a response.[6] On December 17, 2018, the

_____

the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S. § 9545(b)(1)(ii).

[5] Although Appellant's PCRA petition states "11:45 am[,]" PCRA Petition, 6/22/2017, at 6, we believe that "am" is a typographical error, because Medina's affidavit, which was attached to said petition, states that she "arrived at [Appellant's h]ouse . . . at about 11:45 PM[.]" Medina's Affidavit of Truth, 4/24/2017, at 1, *attached to* PCRA Petition, 6/22/2017.

[6] In the response, Appellant stated that he --

- 4 -

PCRA court dismissed Appellant's petition. On December 28, 2018, Appellant filed this timely appeal.[7]

Appellant presents the following issue for our review:

> Did the PCRA court err when it dismissed Appellant's PCRA petition, when [Appellant] submitted affidavits which proved that petitioner was home, meeting the unknown facts exception to the one year time bar, pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii)[?]

Appellant's Brief at 4 (unnecessary capitalization omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Lavar Brown*, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requirement); *Commonwealth v. Devon Brown*, 943 A.2d 264, 267 (Pa. 2008) (citing *Commonwealth v.*

_____

notified trial counsel months before trial of Ms. Medina and his conversation with her. Furthermore, on July 13, 2007, [Appellant] wrote a letter to trial counsel asking counsel if he had put his "P.I[.]" (private investigator) to look for and talk to "the female Yari that I told you I was talking to from my window at my mom's house."

Objections to the PCRA Court's Notice of Intent to Dismiss, 11/21/2018, at 2.

[7] The PCRA court did not order and Appellant did not file a statement of errors complained of on appeal, but the PCRA court entered its opinion on March 29, 2019.

- 5 -

***Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)) (it is "well settled that there is no generalized equitable exception to the jurisdictional . . . time bar pertaining to post-conviction petitions"); ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Appellant concedes that his instant PCRA petition is untimely but attempts to circumvent the time bar by asserting the timeliness exception set forth in Section 9545(b)(1)(ii). PCRA Petition, 6/22/2017, at 3, 6; Appellant's Brief at 9, 11-12, 15. However, Appellant misconstrues that subsection. "The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Fennell***, 180 A.3d 778, 782 (Pa. Super. 2018) (*en banc*) (citation omitted). Appellant cannot logically maintain that he did not know that Medina could serve as an alibi witness for him, because he had to have known that he had a conversation with her at the time of the murder.[8] Additionally, his PCRA petition provided no explanation as to why he could not have learned of either witness's evidence by the exercise of due diligence. Ergo, the timeliness exception set forth in

---

[8] Although this Court generally may not consider the content of a response to a Rule 907 Notice, ***see Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012), we still would like to note that Appellant's assertion in his response to the Rule 907 Notice that he "notified trial counsel months before trial of Ms. Medina and his conversation with her" demonstrates that Appellant knew about his conversation with Medina prior to trial and, hence, this fact was not unknown to him prior to filing his present PCRA petition. Objections to the PCRA Court's Notice of Intent to Dismiss, 11/21/2018, at 2.

Section 9545(b)(1)(ii) is unavailable to Appellant, and the PCRA court properly concluded that it was without jurisdiction to review the merits of his claim.

Having discerned no error of law, we affirm the order below. ***See Medina***, 209 A.3d at 996.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>4/6/2020</u>