J-S35043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TYREE WALLACE | : | |
| | : | |
| Appellant | : | No. 2847 EDA 2019 |

Appeal from the PCRA Order Entered August 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0407921-1998

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 21, 2020**

Appellant, Tyree Wallace, appeals from the order entered August 9, 2019, that dismissed his sixth petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

This Court previously set forth the relevant facts and earlier procedural history of this case, as follows:

> On November 30, 1999, a jury found Appellant guilty of second-degree murder, robbery, conspiracy, and possession of an instrument of crime based upon Appellant's participation in the October 27, 1997[,] robbery and murder of Jhon Su Kang. . . . [O]n appeal, we affirmed. **Commonwealth v. Wallace**, [856 EDA 2000] (Pa.Super. 2001) [(unpublished memorandum)].  In so doing, we extensively analyzed the evidence adduced against

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

Appellant at trial, and we now briefly summarize our prior review of the Commonwealth's proof.

On October 26, 1997, Appellant, Raheem Shackleford, and Matthew Corprew decided to rob the Salt & Pepper Deli, which was owned by Mr. Kang and located at 1640 Ellsworth Street, Philadelphia. Shortly before 10:00 p.m. on Monday, October 27, 1997, Appellant, Shackleford, and an unidentified female entered the store, purchased an item, and left. Mr. Kang and one of his employees, Van Griffin, then closed the Salt & Pepper Deli. Mr. Kang was walking toward his car and carrying a paper bag when Appellant and Shackleford approached him, beat him, shot him, and took the bag.

After the crime, Corprew confessed to police that he operated as a lookout for the other two perpetrators. Corprew's statement was admitted into evidence, but was heavily redacted so that the portion remaining "contained a single reference to a co-defendant which was redacted to read 'that's when a guy came up to me and asked what was up [and] did I want to get a couple dollars[.]'" *Id.* (unpublished memorandum at 2).

Mr. Griffin was shown photographic arrays and identified Appellant and Shackleford as the two men who entered the store just prior to 10:00 p.m. on October 27, 1997. James Davis related that the afternoon before the crime, Appellant and Shackleford asked him to participate in its commission, but Davis declined. That evening, Davis, who lived within blocks of the Salt & Pepper Deli, encountered Appellant, Shackleford[,] and Corprew. At that time, Shackleford told Davis that he had secured a shotgun and revealed a portion of the gun, which was protruding from Shackleford's trousers. A few days after October 27, 1997, Shackleford told Davis that the robbery was unsuccessful and that the perpetrators had recovered approximately $100. Commonwealth witness Brian Brooks testified that he overheard Corprew and Appellant plan the robbery and that, after its commission, Appellant told Mr. Brooks that Shackleford shot the victim.

Appellant, Shackleford, and Corprew proceeded to a joint trial. During the course of that proceeding, Corprew elected to plead guilty to third degree murder. Appellant was

convicted of the above-described offenses[,] and [on November 30, 1999, he was] sentenced to life imprisonment. After we affirmed Appellant's judgment of sentence [on April 17, 2001], our Supreme Court denied review on August 29, 2001. ***Commonwealth v. Wallace***, [226 EAL 2001 (Pa. filed 8/29/01) (*per curiam* order)]. [Appellant did not file a writ of certiorari with the United States Supreme Court.]

On August 14, 2002, Appellant filed a timely PCRA petition, counsel was appointed, and counsel filed an amended petition raising an allegation that trial counsel was ineffective. After conducting a hearing, the PCRA court denied relief, and no appeal was filed. On July 17, 2006, Appellant filed a second petition, which was dismissed as untimely. An ensuing appeal also was dismissed based on Appellant's failure to file a docketing statement. Pursuant to a third PCRA petition, Appellant successfully obtained reinstatement of his appellate rights from the denial of his first PCRA petition, and, on June 9, 2010, we affirmed the denial of the first PCRA petition. ***Commonwealth v. Wallace***, [470 EDA 2009 (Pa.Super. filed 6/9/2010)] (unpublished memorandum).

Five days later, on June 14, 2010, Appellant filed a fourth PCRA petition. He alleged that he was entitled to a new trial based upon newly-discovered evidence consisting of two affidavits executed by Corprew on March 7, 2007. Appellant alleged that he did not discover the existence of the affidavits until June 20, 2009, when Shackleford forwarded them to him....In the March 7, 2007[,] affidavits, Corprew claimed that he acted alone on October 27, 1997, that he shot and robbed the victim, and that Appellant and Shackleford were innocent of the crimes.

The PCRA court appointed counsel and scheduled a hearing. Prior to the hearing, the Commonwealth provided the PCRA court [and PCRA counsel] with documentation that indicated that Corprew was mentally ill. The court therefore appointed counsel for Corprew and ordered an independent competency evaluation of that co-defendant. On December 6, 2010, after personally evaluating Corprew, a psychiatrist, Dr. Pietro Miazzo, concluded that Corprew was delusional and incapable of distinguishing between fantasy and reality and that Corprew was incompetent. Thereafter,

- 3 -

Appellant asked the PCRA court to conduct a competency hearing, which was held on October 21, 2011. After that hearing, the PCRA court concurred that Corprew was not competent to testify [at the PCRA evidentiary hearing].

Appellant then submitted a memorandum arguing that Corprew's affidavits should be admitted at a PCRA hearing as substantive evidence. Appellant asked that the PCRA court determine, based upon the March 7, 2007[,] affidavits, whether Appellant was entitled to a new trial. The PCRA court ruled that the affidavits were inadmissible hearsay and that they did not fall within the exception to the hearsay rule applicable to declarations against penal interest....[T]he PCRA court, on March 30, 2012, dismissed Appellant's June 14, 2010[,] PCRA petition. [In an ensuing appeal, this Court affirmed on May 10, 2013.]

*Commonwealth v. Wallace*, No. 1110 EDA 2012, *1-5 (Pa.Super. filed 5/10/13) (unpublished memorandum).

On August 7, 2013, Appellant filed another *pro se* PCRA petition, which privately-retained PCRA counsel amended. The Commonwealth filed a motion to dismiss, and on December 7, 2015, the PCRA court provided Appellant with notice of its intent to dismiss. Appellant did not file a response, and by order entered on January 8, 2016, the PCRA court dismissed Appellant's August 7, 2013, petition on the basis it was untimely filed.

*Commonwealth v. Wallace*, No. 423 EDA 2016, unpublished memorandum at 1-4 (Pa. Super. filed November 15, 2016). On appeal, this Court affirmed, *id.* at 1, and Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on May 2, 2017.

On June 19, 2017, Appellant filed his sixth, *pro se* PCRA petition, pleading newly-discovered evidence based upon a witness interview report from Ricky Wilson, who stated that "everyone in South Philadelphia knows that [Appellant] is an innocent man" and that "many people know that

James Davis openly confessed to being involved in the murder of Mr. Kang."
PCRA Petition, 6/19/2017, at 2 & ¶¶ 64, 66-67, 74 & Exhibit "D".[2]

On June 21, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). On July 18, 2019, counsel entered an appearance on Appellant's behalf and filed an amended PCRA petition. On August 9, 2019, the PCRA court dismissed Appellant's PCRA petition. On September 13, 2019, Appellant filed this timely appeal.[3]

Appellant presents the following issue for our review:

Whether the PCRA court erroneously dismissed as untimely Appellant Tyree Wallace's Amended PCRA Petition without a hearing where the allegations in the Amended Petition demonstrated that [Appellant] had no basis to know that witness Ricky Wilson would recant his signed police statement and provide exculpatory information undermining the core of the prosecution's case and that [Appellant] diligently filed his Petition after learning this information.

Appellant's Brief at 4.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error."

---

[2] Appellant's *pro se* PCRA petition consists of 26 pages, excluding exhibits. The first nine pages are numbered 1 to 9. The numbering then begins again, from 1 to 17; the paragraphs in these pages are numbered. For clarity, we will cite to page numbers when referring to content on the first nine pages and only to the numbered paragraph when referring to content on the remaining pages.

[3] The PCRA court did not order and Appellant did not file a statement of errors complained of on appeal. The PCRA court did not enter an opinion.

*Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Lavar Brown*, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requirement); *Commonwealth v. Devon Brown*, 943 A.2d 264, 267 (Pa. 2008) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)) (it is "well settled that there is no generalized equitable exception to the jurisdictional . . . time bar pertaining to post-conviction petitions"); *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute. *See* 42 Pa.C.S. § 9545(b)(1).[4]

_____

[4] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

This Court previously calculated that Appellant had "until approximately November 29, 2002, to file a timely PCRA petition." **Wallace**, No. 423 EDA 2016, at 6. Appellant filed the current petition on June 19, 2017, more than a decade late. Therefore, Appellant's petition was patently untimely.

Appellant now contends that "his after-discovered evidence claim concerning Ricky Wilson's information" qualified for the exception "under 42 Pa. C.S. § 9545(b)(1)(ii) in that 'the facts upon which the claim is predicated were unknown to [Appellant] and could not have been ascertained by the exercise of due diligence.'" Appellant's Brief at 24; **see also** PCRA Petition, 6/19/2017, at 2 & ¶ 74.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned Rule 907 Notice of the Honorable M. Teresa Sarmina, we conclude that Appellant's claim merits no relief. The Rule 907 Notice comprehensively discussed the question of whether the PCRA court had jurisdiction over Appellant's sixth PCRA petition and properly concluded that the court lacked jurisdiction, because the petition failed to satisfy an exception to the PCRA's time bar:

> [Appellant] asserts that he has after-discovered evidence regarding the proposed testimony of Ricky Wilson (Wilson). In the witness interview report associated with his interview, Wilson

---

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 7 -

asserts that [Appellant] is innocent and everyone in South Phil[adelphia] knows this. *Pro se* PCRA Petition filed 6/19/17, Exhibit D. He asserts that "many people in the neighborhood told him James Davis confessed to the murder" and that he moved out of South Phil[adelphia] because everyone knew Davis was lying about [Appellant] committing the murder. This entire first portion of his interview is inadmissible hearsay and speculation and cannot be used to satisfy the timeliness requirements of the PCRA. ***Commonwealth v. Santiago***, 654 A.2d 1062, 1079-1080 (Pa.Super. 1992)(Proffered evidence was nothing more than unsubstantiated hearsay and rumor inadmissible at trial, and there was no evidence that information contained therein would have led to discovery of admissible evidence favorable to defense if transcripts had been disclosed prior to trial, so defendant was not entitled to relief). Similarly, whether Wilson ever told Davis that he heard [Appellant] discuss planning the robbery, as Davis asserts in his statement to police, is inadmissible hearsay.

Wilson claims that he never told police that Davis told him that [Appellant] committed the murder. [Appellant] fails to elucidate his claim regarding Wilson's falsified statement, asserting that Wilson would speak to the Pennsylvania Innocence Project's Staff Investigator, Zach Stem, on a later date and that Mr. Stern would show this statement to Mr. Wilson on that date to assess its accuracy. However, [Appellant] has not provided any filings since his *pro se* petition which include additional information from Wilson. Regardless, [Appellant] was aware of Ricky Wilson and his statement to police since the time of trial, as his statement to the police was included in discovery to his trial counsel. [Appellant] does not assert that Wilson is only now coming forward with the information that his statement to police was falsified, nor does [Appellant] assert that, had he asked Wilson about his statement to police in the twenty-one years between when Wilson became a potential witness and when he filed his sixth PCRA petition, his answer would have changed. Therefore, this claim fails as untimely.

Rule 907 Notice, filed June 21, 2019, at 8-9. Accordingly, we affirm on the basis of the PCRA court's Rule 907 Notice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/20