J-S55039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAWAUN DUPREE CARSON | : | |
| | : | |
| Appellant | : | No. 206 WDA 2020 |

Appeal from the PCRA Order Entered January 13, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000371-2016

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 13, 2021**

Appellant, Dawaun Dupree Carson, appeals from the order entered January 13, 2020, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

The facts underlying this appeal are as follows.

On July 2, 2015 at approximately 12:20 a.m., the City of Erie Police were called to the scene of 19th and Chestnut Streets in Erie, Pennsylvania where they found the victim, Justin Wiley, a 22 year old black male, shot in the back of the head.  Wiley was unresponsive in the driver's seat of a silver Grand Am in the yard of a house located at the northwest corner of 19th and Chestnut Streets.  Parked across the street from . . . Wiley's vehicle was a silver Subaru Tribeca.  There were no occupants in the Tribeca; its windows were down; and the hood and area over the radiator grill were hot, indicating the engine of the Tribeca had been running recently.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

> Justin Wiley died from a single gunshot wound to the back of the head. . . . The police also found bullet holes on the rear door of driver's side of Wiley's vehicle. The glass of the driver's side window was shattered. There was a bullet hole in the wood siding of the house next to where the Wiley's vehicle came to rest.

Trial Court Opinion, dated August 10, 2017, at 1-2 (citations to the record omitted).

Foster sisters Tracy Beldin and Amy Markham were "in the vicinity of the shooting in the early hours of July 2, 2015. Ms. Markham is also the person who . . . called 911 after hearing gunshots." Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"), 12/17/2019, at 6 n.3 (citation to the record omitted). Later at trial, "[t]he 911 call . . . was . . . played for the jury by stipulation of the parties." **Id.** at 12.

During trial, "[Ashley] Anderson and [Tanya] Bennett indicat[ed] Appellant was their heroin dealer[.] . . . [T]estimony of Ms. Anderson and Ms. Bennett established that Ms. Anderson regularly loaned Appellant her Subaru Tribeca in exchange for heroin, and loaned Appellant her vehicle on night of murder." **Commonwealth v. Carson**, No. 1932 WDA 2016, unpublished memorandum at 2 (Pa. Super. filed June 1, 2018); **see also** Trial Court Opinion, dated August 10, 2017, at 3 (Anderson "admitted she loaned the Tribeca to Appellant at the relevant time. [N.T., 10/19/2016, at] 225-226. Bennett confirmed Appellant had possession of the Tribeca at the relevant time. [N.T., 10/20/2016, at] 15, 19, 28."). "Anderson [also] testified the Tribeca had a history of 'electrical problems' which caused it to short out,

stall and require a jump to become operable again." Trial Court Opinion, dated August 10, 2017, at 2-3 (citing N.T., 10/19/2016, at 210).

On October 17, 2016, a jury convicted Appellant of:

first-degree murder, conspiracy, aggravated assault, firearms not to be carried without a license, possessing instruments of crime, and recklessly endangering another person.[1]

> [1] 18 Pa.C.S.A. §§ 2502(a); 903; 2702(a); 6106; 907(a); 2705, respectively.

**Carson**, No. 1932 WDA 2016, at 1. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on June 1, 2018. **Id.** He did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

On June 12, 2019, Appellant filed his first, *pro se*, timely PCRA petition. On June 24, 2019, the PCRA court appointed counsel to represent Appellant, and PCRA counsel filed an amended PCRA petition. On December 17, 2019, the PCRA court entered the Rule 907 Notice, stating its intent to dismiss all claims without a hearing. On January 13, 2020, the PCRA court dismissed Appellant's petition. On February 11, 2020, Appellant filed this timely appeal.[2]

Appellant presents the following issues for our review:

A. Whether the Commonwealth committed serial **Brady** violations[3] in failing to produce a material witness to the

---

[2] Appellant filed his statement of errors complained of on appeal on March 5, 2020. The trial court entered its opinion on April 20, 2020.

[3] Under **Brady v. Maryland**, 373 U.S. 83, 87-88 (1963), "suppression by prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of prosecution."

- 3 -

shooting and by withholding the photo array that was displayed to said witness and whether defense counsel was ineffective in failing to independently proffer the evidence relating to the incapacity to identify [A]ppellant by the material witness?

B.    Whether the Commonwealth committed a ***Brady*** violation in failing to disclose crimen falsi relating to the criminal record of Commonwealth witness Ashley Anderson?

C.    Whether the Commonwealth's conduct in seizing the letter authored by [A]ppellant in prison and admitting said letter at trial was extra-legal and in bad faith and whether [Appellant] was afforded ineffective assistance of counsel in that defense counsel stipulated to the illegally obtained evidence in the form of the letter allegedly written by [Appellant] to a friend with the object of finding someone to elicit an alibi for [Appellant]?

Appellant's Brief at 2.[4]

"We review the denial of PCRA relief to decide whether the PCRA court's

factual determinations are supported by the record and are free of legal error."

_____

[4] Despite alleging ineffective assistance of counsel for "failing to independently proffer the evidence relating to the incapacity to identify [A]ppellant by the material witness" in his first question in his Statement of Questions Involved, Appellant's Brief at 2, Appellant presents no argument related to this challenge in the "Argument" section of his brief, beyond a bald statement that "[d]efense counsel failed to subpoena Markham as a defense witness." ***Id.*** at 6. Accordingly, this ineffectiveness claim is waived.

Assuming *arguendo* it were not waived, it would still merit no relief as the underlying claim is meritless for the reasons discussed below. ***See Commonwealth v. Medina***, 209 A.3d 992, 1000 (Pa. Super. 2019) (to establish ineffective assistance of counsel, a PCRA petition must plead and prove, *inter alia*, that the underlying claim is of arguable merit).

Similarly, Appellant makes a brief reference to ineffective assistance of counsel in the portion of the "Argument" section of his brief related to his second appellate issue. Appellant's Brief at 7. However, as he failed to include any such ineffectiveness claim in his Statement of Questions Involved, that ineffectiveness challenge is waived. Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

- 4 -

*Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

**Amy Markham**

Appellant first contends that a material witness, Amy Markham, "was not produced by the Commonwealth and instead her inability to identify the Appellant was suppressed." Appellant's Brief at 4. He argues that this action was a *Brady* violation. *Id.* He also maintains that the Commonwealth committed an additional *Brady* violation "by withholding the photo line-up array that was displayed to Amy Markham by the homicide detectives after she willingly gave them a statement placing her near the crime scene along with Commonwealth witness Beldin." *Id.* at 5. He asserts that he was prejudiced by the Commonwealth's actions, because the jury should have known that Markham, "who was similarly situated to Beldin, who was called as a witness by the Commonwealth, was unable to make any identification of [A]ppellant as being at the crime scene or else she would have been called for that purpose." *Id.* at 6.

"To establish a *Brady* violation, [A]ppellant must demonstrate that: (1) the prosecution concealed evidence; (2) the evidence was either exculpatory or impeachment evidence favorable to him; and (3) he was prejudiced." *Commonwealth v. Treiber*, 121 A.3d 435, 460–61 (Pa. 2015).

Appellant cannot establish the first prong of this test, because he was well-aware of Markham's existence prior to or, at least, by the time of trial.

Specifically, he was aware that Markham had called 911, as the recording was stipulated to by both counsel. Rule 907 Notice at 12. The Commonwealth's tactical decision not to present Markham as a witness at trial was not a "concealment," and the Commonwealth was under no obligation to do so. As for the photographic array, Appellant has failed to demonstrate how he was prejudiced by the Commonwealth's failure to provide it to him, as he could have merely asked the investigating officer whether Markham identified Appellant from the photographic array, without having to produce the array itself.

Accordingly, the prosecution did not conceal the evidence of Markham's existence as a witness from Appellant. As Appellant has failed to establish this first prong, his entire ***Brady*** claim related to Markham fails.

### Ashley Anderson

Next, Appellant alleges that "the Commonwealth failed to disclose crimen fals[i] relating to witness Ashley Anderson." Appellant's Brief at 7. Appellant asserts that this omission was a ***Brady*** violation. ***Id.***

As noted above, in order to establish a ***Brady*** violation, an appellant must demonstrate prejudice. ***Treiber***, 121 A.3d at 461. "To establish prejudice, appellant must demonstrate a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." ***Id.*** (citation and internal quotation mark omitted).

Assuming Anderson's *crimen falsi* convictions had been disclosed to the jury and that such disclosure had cause the jury to disbelieve all of Anderson's testimony, the outcome of the trial would have been no different, because everything testified to by Anderson was also testified to by Bennett. Even if the disclosure of Anderson's *crimen falsi* convictions had caused the jury to disregard Anderson's testimony in its entirety, the jury would have still learned from Bennett that Appellant was their heroin dealer, who regularly borrowed Anderson's Subaru Tribeca in exchange for heroin and had done so on the night of the murder. *Carson*, No. 1932 WDA 2016, at 2; Trial Court Opinion, dated August 10, 2017, at 3 (citing N.T., 10/20/2016, at 15, 19, 28). The only fact that Anderson testified to that Bennett did not was that the Tribeca had a history of electrical problems, thereby explaining why the vehicle was left at the scene of the crime. Trial Court Opinion, dated August 10, 2017, at 2-3 (citing N.T., 10/19/2016, at 210). However, the impact of losing this one minor detail would have had a *de minimis* effect on the narrative presented by the Commonwealth. Accordingly, Appellant cannot establish a reasonable probability that, had Anderson's *crimen falsi* convictions been disclosed, the result of the proceeding would have been different; consequently, he cannot establish prejudice and, for that reason, cannot prove a *Brady* violation. *Treiber*, 121 A.3d at 461. Ergo, Appellant's second appellate challenge is without merit.

## The Purloined Letter

The argument presented in Appellant's brief for his final appellate claim

is, in its entirety, as follows:

> The Commonwealth engaged in an unreasonable search and seizure and violated the confidential nature of prison mail in securing and then admitting correspondence purportedly written by [A]ppellant to his friend which content was then used against [A]ppellant at trial to purportedly evidence an intent by the appellant to secure a contrived alibi. [Appellant] allegedly sent a letter post-arrest from the Erie County Prison requesting the friend to find someone who could provide an alibi for July 2, 2015 during the timeframe of the shooting. [A]ppellant indicated that he needed someone who couild [*sic*] testify that he was then at his home dealing. [A]ppellant was afforded ineffective assistance of counsel in that counsel failed to challenge or object to the admission of the prison correspondence and instead facilitated the admissibility instead by proffering a stipulation. The trial Court abused its discretion in rejecting this claim by merely asserting that [A]ppellant lacks standing in that he foregoes any privacy rights or expectation of privacy given his incarcerated status including the search and retrieval of written correspondence. [A]ppellant contends that he retained a reasonable expectation of privacy as to the subject correspondence and that his fourth amendment rights from unreasonable searches or intrusion upon his privacy interests extends to the confines of the letter at issue. The Commonwealth conduct was an interference and abridgement of his 4th amendment rights and expectation of privacy to which he did not seek to forego his rights. The Commonwealth acted in bad faith in seizing the letter and then admitting the content at trial in direct abrogation of the appellant's rights. Defense counsel was then complicit in the course of constitutional violations by stipulating to the authenticity of the correspondence instead of mounting any form of legal challenge to the seizure and admission of the letter into evidence by the Commonwealth.

Appellant's Brief at 8-9.

Appellant hence provided no citations to the Rules of Evidence, to case

law, or to any other supporting authority for this issue; his last appellate

challenge is thus waived. ***Kelly v. The Carman Corp.***, 229 A.3d 634, 656 (Pa. Super. 2020) (citing Pa.R.A.P. 2119(a) (argument shall include citation of authorities); ***Commonwealth v. Spotz***, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention)).

\*　　\*　　\*

For the reasons given above, we conclude that Appellant's issues raised on appeal are meritless or waived. Having discerned no error of law, we affirm the order below. ***Medina***, 209 A.3d at 996.

Order affirmed.

Judge McCaffrey joins the Memorandum.

Judge Bowes Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2021