J-S11037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY LEE KEPHART | : | |
| | : | |
| Appellant | : | No. 150 WDA 2020 |

Appeal from the PCRA Order Entered January 8, 2020
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000106-2015

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                     **FILED: APRIL 30, 2021**

Appellant, Timothy Lee Kephart, *pro se*, appeals from the order denying his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The facts underlying this case were fully and correctly set forth by this Court in **Commonwealth v. Kephart**, No. 218 WDA 2016, unpublished memorandum at 1-2 (Pa. Super. filed June 7, 2017).  Therefore, we have no reason to restate them at length here.

For the convenience of the reader we briefly note that "Appellant ran two trucking companies:  (1) Dart Trucking, located in Columbiana, Ohio; and (2) Kephart Trucking, located in Bigler, Pennsylvania.  Appellant's criminal

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

acts with respect to Dart Trucking resulted in federal prosecution." *Id.* at 1. "The Commonwealth charged Appellant with 584 theft-related offenses" related to Kephart Trucking, and Appellant eventually "pleaded guilty to 96 counts of theft by failure to make required disposition of funds received." *Id.* at 1-2 (footnote omitted).

On July 31, 2015, the trial court held a sentencing/restitution hearing. Several [victims] testified about how Appellant's actions affected them. Appellant also testified. The Commonwealth submitted 32 letters from victims and their family members, and Appellant submitted letters written on his behalf. At the conclusion of the hearing, the court imposed a sentence of six months to two years' incarceration for each of the first sixteen counts, to be served consecutively to one another, for a total of eight to thirty-two years. The terms imposed for the remaining counts were to be served concurrently. Further, the state sentence was to be consecutive to Appellant's federal sentence. The trial court also ordered Appellant to pay restitution to several [victims].

On August 10, 2015, Appellant filed a post-sentence motion challenging the restitution order and the length and consecutive nature of his prison sentences. The court scheduled a hearing for November 17, 2015, but no testimony was taken because the parties stipulated that seven [victims] would testify that they incurred unpaid medical expenses as a result of having their insurance cancelled. The court ordered both parties to submit briefs on "any outstanding issues involving [Appellant]'s Postsentence Motion." Order, 11/17/15. The Commonwealth submitted a brief, but Appellant did not. On January 8, 2016, the trial court granted the post-sentence motion, eliminating the restitution requirement and reducing the prison sentence to seven to twenty years. The court found that the Commonwealth had not met its burden of proving a basis for restitution. The court further explained that it reduced the maximum sentence because the original maximum was based on the court's desire to ensure Appellant paid the full amount of restitution; once the restitution was eliminated, the court no longer believed that such a long maximum was necessary. Trial Ct. Op., 1/8/16, at 12. After the

- 2 -

court imposed the modified sentence, Appellant did not file another post-sentence motion.

*Id.* at 3-4 (footnote omitted). Appellant was not present at either the hearing on his post-sentence motion or his resentencing hearing, because he "was in the custody of the Federal government[.]" PCRA Court Opinion, dated January 8, 2020, at 3.

Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on June 7, 2017. He did not petition for allowance of appeal with the Supreme Court of Pennsylvania.

On July 5, 2018, Appellant filed his first, counseled, timely PCRA petition. On March 6, 2019, the PCRA court held an evidentiary hearing, at which Appellant testified that he had communicated to trial counsel that he desired to be present at all post-sentence hearings. N.T., 3/6/2019, at 53. On January 8, 2020, the PCRA court denied Appellant's petition by order and opinion.

On January 28, 2020, Appellant, *pro se*, filed this timely appeal. On March 2, 2020, Appellant, *pro se*, filed his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June 24, 2020, the PCRA court entered a statement that the opinion accompanying its order would serve as its opinion for purposes of Pa.R.A.P. 1925(a).

On July 16, 2020, this Court remanded the record to the trial court --

for a period of time not to exceed 30 days during which time the trial court shall conduct a colloquy of Appellant pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), in order to determine if Appellant desires to proceed *pro se* and, if so, if such request to proceed *pro se* is knowing, voluntary, and intelligent.

- 3 -

Order, 7/16/2020. On August 18, 2020, this Court entered an order noting that it had not received a response from the PCRA court "as to whether a[] **Grazier** hearing was held or any results thereof" and ordering the PCRA court "to comply with this Court's July 16, 2020 Order[.]" Order, 8/18/2020. On September 10, 2020, this Court entered the following order:

> AND NOW, as the [PCRA] court has returned the certified record to this Court, and as a review of the [PCRA] court docket reflects that the [PCRA] court held a **Grazier** hearing on August 28, 2020, and granted Appellant's request to proceed in this Court *pro se*, Appellant is notified that he is proceeding on this matter in the Court *pro se*.

Order, 9/10/2020.

Appellant now presents the following issues for our review:

> 1) Was [Appellant]'s trial counsel ineffective and his guilty plea unlawfully induced resulting in a manifest injustice?
>
> 2) Was trial counsel ineffective through acts of omission and therefore [Appellant] prejudiced at sentencing as a result of the court hearing victim impact statements from individuals that gave irrelevant and false statements regarding their medical bills?
>
> 3) Was trial counsel ineffective and [Appellant] prejudiced by trial counsel's consenting to having [Appellant] re-sentenced in absentia and not filing a post sentence motion?
>
> 4) Was [Appellant] prejudiced and his appella[te] arguments compromised as a result of the trial court failing to provide the requested materials of record?

Appellant's Brief at 2-3 (PCRA court's answers omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error."

**Commonwealth v. Medina**, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting

*Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)), *reargument denied* (July 17, 2019).

Preliminarily, we note that Appellant's fourth issue was not included in his concise statement of errors complained of on appeal and is therefore waived. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

All of Appellant's remaining claims allege ineffective assistance of trial counsel.

Counsel is presumed to be effective.

To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

*Medina*, 209 A.3d at 1000 (internal brackets, citations, and quotation marks omitted) (some additional formatting).

Appellant first contends that his "[t]rial counsel's ineffectiveness precipitated a causal nexus resulting in [him] entering a guilty plea that was unlawfully induced, involuntary and unknowing." Appellant's Brief at 27. He continues that "the unreasonable advice of trial counsel . . . caused [him] to plead guilty to charges even though he was innocent." *Id.*

- 5 -

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Fredric J. Ammerman, we conclude Appellant's first issue merits no relief. The PCRA court opinion properly disposes of that question:

> [Appellant] fails to show that trial counsel's actions had no reasonable strategic basis. This does not mean that "there were other more logical courses of action which counsel could have pursued: rather… whether counsel's decisions had any reasonable basis." ***Commonwealth v. Rollins***, 738 A.2d 435, 441 (Pa. 1999). At the time of the guilty plea, [Appellant] was facing 584 charges. As part of the guilty plea, [Appellant] only plead to 96 charges, meaning the Commonwealth withdrew 488 charges. [Appellant]'s trial was set for only several weeks after the time the guilty plea was entered. It is not unreasonable for trial counsel to advise [Appellant] to plea to only 96 charges, knowing it could significantly lower the sentence and number of convictions he was facing. Everyone, including [Appellant], was aware that there would be additional discovery made available prior to sentencing. This was remedied by trial counsel requesting a restitution hearing to determine what the appropriate restitution and grading of charges would be. While there were other options for [Appellant] and trial counsel to pursue, including proceeding to the scheduled jury trial, it is not an unreasonable course of action for [Appellant] to plead guilty and hold a restitution hearing prior to sentencing.

PCRA Court Opinion, dated January 8, 2020, at 1-2. Accordingly, Appellant failed to establish that trial counsel's action lacked any objectively reasonable basis designed to effectuate Appellant's interest; by failing to satisfy one prong of the ineffective assistance of counsel test, we are required to reject Appellant's entire ineffectiveness claim on this basis. ***Medina***, 209 A.3d at 1000.

Next, Appellant argues that "[t]rial counsel's failure to object to victim impact statements and restitution claims that were known to counsel at the

time to be baseless and false severely prejudiced [Appellant] at the time of sentencing." Appellant's Brief at 38. Appellant baldly asserts that "[t]his testimony should have been barred under Rules 401 and 403"[2] but provides no further explanation as to why or how these Rules apply. He also fails to cite to any case law in support of his argument. By failing to cite to supporting authority, Appellant has waived this second challenge. *Kelly v. Carman Corp.*, 229 A.3d 634, 656 (Pa. Super. 2020) (citing Pa.R.A.P. 2119(a) (argument shall include citation of authorities); *Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed

---

[2] Although Appellant does not clarify, we assume that he is referring to Pennsylvania Rules of Evidence 401 and 403, which respectively state, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action"; and "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention)).

Finally, Appellant maintains that "[t]rial [c]ounsel was ineffective post sentence as he failed to file a brief in support of the post sentence motion, have [Appellant] present at the Post Sentence Hearing including his re-sentencing and failed to file a Post Sentence Motion following the re-sentencing." Appellant's Brief at 40.

The PCRA court found that Appellant failed to establish the prejudice prong of the ineffectiveness test, because he did "not provide[] any evidence that[,] had [he] been present, the outcome and resentencing would have changed." PCRA Court Opinion, dated January 8, 2020, at 3. We agree.

We first note that Appellant received multiple positive results from his post-sentence motion – the motion was granted, restitution was eliminated, and his term of incarceration was reduced. Consequently, it is difficult to see how Appellant's absence from the courtroom during the hearing on the post-sentence motion or resentencing hearing or how trial counsel's decision not to file a brief for the post-sentence motion negatively impacted Appellant. As for trial counsel's failure to file a post-sentence motion following resentencing, while Appellant is correct that such inaction caused any challenge to the discretionary aspects of sentencing to be waived on appeal, this Court still considered -- assuming the claim had been preserved -- whether the trial court abused its discretion in resentencing Appellant and concluded that it had not. This Court stated:

The Sentencing Code, 42 Pa.C.S. § 9721(b), provides that a court should impose a sentence of confinement that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See Commonwealth. v. Walls*, 926 A.2d 957, 962 (Pa. 2007). Here, the trial court explained its sentence as follows:

> In regard to the sentence, the Court took into account all factors that were both favorable to [Appellant] and favorable to the Commonwealth. The Court certainly recognized that [Appellant] had a good record during his period of both Federal and then County incarceration. Also that [Appellant] has voluntarily taken responsibility for his actions and shown remorse. Any arguments made by both the Commonwealth and the Defense at [the] time of sentencing were closely listened to by the Court and taken into account when the sentence was fashioned. The Court further notes that all sentences imposed were squarely within the standard range of the State Sentencing Guidelines. For example, on the first sixteen counts of Theft by Failure to Make Required Disposition of Funds Received, Felony of the Third Degree, upon which [Appellant] received his princip[al] sentence, the standard range under the Sentencing Guidelines was RS[10] to 9 [months]. The minimum period of incarceration imposed on each count was 6 months. Obviously, the real complaint of [Appellant] was that the 16 counts were run consecutive to each other. However, it is strictly within the discretion of the sentencing Judge to determine whether the sentence should be imposed consecutively or concurrently.

Trial Ct. Op., 1/8/16, at 10. The court also reasoned, "[a] defendant is not entitled to receive a 'volume discount' for his criminal conduct by having his sentence[s] run concurrently simply because they are a result of one larger criminal transaction." *Id.* at 11. The trial court noted that the restitution Appellant paid from his personal 401(k) was mandated by the Federal Court, and Appellant had previously tried to withdraw the money for himself. Trial Ct. Supp. Op., 6/1/16, ¶ 1. Finally, the trial court disagreed with Appellant's assertion that this case was related to his federal case, which involved a different trucking company in a different state. *Id.*

[10] RS is an abbreviation for Restorative Sanctions. RS "suggests use of the least restrictive, non-confinement sentencing alternatives described in 42 Pa.C.S. § 9753 (determination of guilt without further penalty), § 9754 (order of probation) and § 9758 (fine). 42 Pa.C.S. § 9721(c) (mandatory restitution) is also included in RS." 204 Pa. Code § 303.9(f).

We agree with the trial court's reasoning. Accordingly, we conclude that the trial court did not abuse its discretion or commit an error of law in imposing sentence.

*Kephart*, No. 218 WDA 2016, at 10-12. Ergo, Appellant has failed to establish that a different sentencing outcome would have resulted from different actions or choices by trial counsel, and he hence has failed to establish prejudice and, in turn, ineffective assistance of counsel. *Medina*, 209 A.3d at 1000.

For the reasons given above, we conclude that Appellant's issues raised on appeal are waived or meritless. Having discerned no error of law, we affirm the order below. *See id.* at 996.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2021

- 10 -