J-S25003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROC FUNDING GROUP, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STOP 26-RIVERBEND, LLC AND | : | |
| PERCY SQUIRE, ESQUIRE, AS | : | |
| PERSONAL REPRESENTATIVE FOR | : | No. 156 EDA 2021 |
| THE ESTATE OF RUTH SQUIRE | : | |

Appellants

Appeal from the Order Entered November 23, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  No. C-48-CV-2020-00421

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:        **FILED NOVEMBER 16, 2021**

Appellants, Stop 26-Riverbend, LLC and Percy Squire, Esquire, personal representative of the estate of Ruth Squire, appeal from the trial court's November 23, 2020 order denying their petition to strike a confessed judgment entered against them.[1]  In addition, Appellants' counsel of record,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Ms. Squire passed away on November 29, 2020, shortly after the trial court entered its order denying Appellants' petition to strike, but before Appellants filed their notice of appeal in this matter.  After the notice of appeal was filed, we issued a rule to show cause, directing Ms. Squire's listed counsel to file an application for substitution of a party or, alternatively, a suggestion of death in accordance with Pa.R.A.P. 502(a).  **See** Pa.R.A.P. 502(a) ("If a party entitled to appeal or petition for review shall die before filing a notice of appeal or petition for review, the notice of appeal or petition for review may be filed by his personal representative, or, if he has no personal representative, by his

*(Footnote Continued Next Page)*

Phillip A. Drumheiser, Esq., has filed a petition to withdraw from representing Ms. Squire. We affirm the trial court's order and grant Attorney Drumheiser's petition to withdraw.

We need not provide a recitation of the underlying facts of this matter as they are not pertinent to our disposition. Instead, we only note that the trial court issued its order denying Appellants' petition to strike the confessed judgment entered against them on November 23, 2020. Appellants subsequently filed a timely notice of appeal on December 24, 2020.[2] On January 26, 2021, the trial court entered an order pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), directing Appellants to "file[] of record

_____

counsel, within the time prescribed by these rules. After the notice of appeal or petition for review is filed, substitution shall be effected in the appellate court in accordance with this paragraph."); **see also** Rule to Show Cause Order, 9/29/21. In response to our rule to show cause order, Appellants' counsel submitted an application to substitute Ms. Squire with her son, Percy Squire, Esquire, personal representative of her estate. We granted the application for substitution of a party on October 15, 2021, and now direct the Prothonotary's office to amend the caption to reflect that Mr. Squire, as personal representative of Ms. Squire's estate, is proceeding in her place.

[2] The docket indicates that Pa.R.C.P. 236 notice of the trial court's November 23, 2020 order was not provided until November 24, 2020. **See** Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)."); Pa.R.C.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents."). Thus, Appellants' December 24, 2020 notice of appeal was timely filed. **See** Pa.R.A.P. 903(a) (stating that "the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken").

and serve[] on the trial judge a concise statement of the matters complained of on appeal no later than twenty-one (21) days from the date of this [o]rder," *i.e.*, on or before February 16, 2021. **See** Pa.R.A.P. 1925(b) Order, 1/26/21 (single page).[3] In its order, the trial court advised Appellants that "a failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained of…." *Id.*

On February 19, 2021, the trial court filed a Rule 1925(a) opinion. Therein, it explained that Appellants failed to file a Rule 1925(b) statement. It stated that "[t]he deadline for [Appellants] to file the [c]oncise [s]tatement was Tuesday, February 16, 2021. [Appellants] failed to file the [c]oncise [s]tatement by the February 16, 2021 deadline. As of the filing of this [opinion], no [c]oncise [s]tatement has been received from [Appellants]." Trial Court Opinion, 2/19/21, at 1-2.

This Court has explained that "[w]henever a trial court orders an appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (citations and brackets omitted; emphasis in original). However, this Court has observed that "there are still operative exceptions to Rule 1925(b) waiver with regard to timeliness. In determining

---

[3] The docket shows that Pa.R.C.P. 236 notice of this order was also given on January 26, 2021.

whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation [and,]… therefore, we look first to the language of that order." **Id.** (quotation marks, brackets, and citations omitted).

Here, the trial court's Rule 1925(b) order directed Appellants to file a concise statement within 21 days of its order and warned that noncompliance may result in the waiver of their objections. **See Commonwealth v. Medina**, 209 A.3d 992, 997 (Pa. Super. 2019) (ascertaining that the trial court's order met the requirements of Rule 1925(b)(3)(iv) where it advised the appellant that noncompliance with its instruction to file a Rule 1925(b) statement "may be considered by the appellate court as a waiver of all objections to the [o]rder, ruling or other matters complained of"); **see also** Pa.R.A.P. 1925(b)(3)(iv) ("The judge's order directing the filing and service of a Statement shall specify … that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.").[4]  Nevertheless, Appellants did not file a Rule 1925(b) statement

_____

[4] We reiterate that "it is the trial court's order that triggers an appellant's obligation…." **Greater Erie Indus. Dev. Corp.**, 88 A.3d at 225; **see also Commonwealth v. Gibson**, 2021 WL 240477, at *2 n.4 (Pa. Super. filed Jan. 25, 2021) ("If the trial court's noncompliance with the Rule causes the party's noncompliance, courts have not found waiver.").  As a result, we remind the trial court to comply with all the requirements of Rule 1925, including the recently amended Rule 1925(b)(3)(iii), when issuing its Rule 1925(b) order. **See** Pa.R.A.P. 1925(b)(3)(iii) ("The judge's order directing the filing and service of a Statement shall specify … that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can
*(Footnote Continued Next Page)*

within the 21-day time period. Consequently, Appellants have failed to preserve any issues for our review. We therefore affirm the trial court's order denying their petition to strike.[5]

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2021

---

serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge[.]"); *see also Gibson*, 2021 WL 240477, at *2 n.4.

[5] Attorney Drumheiser has filed a petition to withdraw from representing Ms. Squire, explaining that Mr. Squire wishes to represent Ms. Squire's estate on a *pro se* basis. *See* Petition to Withdraw, 8/31/21, at 1 (unnumbered pages). Because all of Appellants' issues are waived due to their failure to file a timely Rule 1925(b) statement, we need not address whether Mr. Squire may represent Ms. Squire's estate on a *pro se* basis. Nevertheless, we grant Attorney Drumheiser's petition to withdraw.